OPINION JUDGMENT ENTRY
{¶ 1} On February 28, 2003, appellee, Mansfield Plumbing Products, LLC, filed a complaint against appellants, Harry Franze and Michael Sotak, former corporate officers, alleging breach of fiduciary duties, negligence, mismanagement and ultra vires activity. On July 29, 2003, appellee filed an amended complaint to add another defendant.
 {¶ 2} On September 2, 2003, appellants filed an answer and a counterclaim for abuse of process.
 {¶ 3} On November 12, 2003, appellee filed a motion to disqualify the law firm of Squire, Sanders Dempsey, LLP from representing appellants, claiming the law firm had represented appellee on matters which were related to its claims. On February 4, 2004, the trial court granted said motion, to avoid the appearance of impropriety.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "Whether the trial court abused its discretion in disqualifying Squire, Sanders Dempsey LLP from representing defendants-appellants Harry P. Franze and Michael A. Sotak in this action, based on an alleged but unproven conflict of interest."
 I {¶ 6} Appellants claim the trial court erred in granting the motion to disqualify their attorneys. We agree.
 {¶ 7} "When reviewing the disqualification of a party's chosen counsel we apply an abuse of discretion standard." Kittsv. U.S. Health Corp. of S. Ohio (1994), 97 Ohio App.3d 271, 275. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 8} In ruling on a motion for disqualification, a trial court must consider the facts in light of the following three-part test and determine whether:
 {¶ 9} "(1) A past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification." Phillips v. Haidet (1997),119 Ohio App.3d 322,325, quoting Dana Corp. v. Blue Cross Blue Shield Mut. ofN. Ohio (C.A.6, 1990), 900 F.2d 882, 889.
 {¶ 10} In its February 4, 2004 judgment entry, the trial court granted the motion to disqualify to avoid "the appearance of impropriety." We find this conclusion does not fulfill the required analysis cited supra. Therefore, we find the trial court abused its discretion in granting the motion based upon the following reasons.
 {¶ 11} Appellee's motion argued the law firm should be disqualified because it had represented appellee from 1993 to "as late as the year 2000" in areas which included employment matters. From our review, we find the scope of the law firm's professional relationship with appellee can be divided into five main service areas from 1993 to 1997. These include immigration issues centered around H. Perry Davidson from 1994 to 1996; employment lawsuits in the Court of Common Pleas for Ashland County in 1994 to 1995; advice on Puerto Rico statutes involving hiring of a sales representative in 1995; issues revolving around the plant closure, the Ohio EPA and possible resolution of environmental issues from 1994 to 1997; and the hiring of a new controller in 1997. See, Attachments to Appellee's November 12, 2003 motion.
 {¶ 12} Although appellants asserted during oral argument that all of these matters were handled in the law firm's Columbus office, the billing attachments disclose work on the 1997 environmental issues were billed from the law firm's Cleveland office, where the attorneys sub judice practice.
 {¶ 13} Also within the packet of attachments is a letter dated March 24, 1995 from the law firm wherein an attorney from the firm indicated appellee's Vice President Administration/Controller shared "candidly information about the business and your needs in particular."
 {¶ 14} In response to the voluminous billing from 1994-1998 attached to appellee's motion, appellants argue it has never represented appellee, the named predecessor company to Mansfield Plumbing Products, Inc. which the law firm represented until 2000. The law firm also argues these attachments or issues raised by the 1990's representation do not reflect any commonality of issues or a factual connection to the hiring and firing of appellants or the claims in the complaint.
 {¶ 15} Despite appellants' protestations that the company the law firm represented over a decade ago is not the same corporation now in existence, we find despite the fact that ownership of the corporation may have changed, the nature of the corporate entity remains the same. Therefore, appellee has satisfied the first prong of the test.
 {¶ 16} The amended complaint claims appellants as corporate officers mishandled, misinformed and violated their fiduciary duty to the corporation and its main shareholders. Appellants' complained of employment covered late 1999-2001. The allegations of this amended complaint are within the time frame of 2000-2001.
 {¶ 17} We find the evaluation of the law firm's representation as presented by appellee vis-à-vis the allegations of the complaint do not establish that they are substantially related. The factual contents of the two representations are not similar or related. Columbus CreditCompany v. Evans (1992), 82 Ohio App.3d 798. The law firm's representation had ceased prior to appellants' employment and the alleged misconduct. The law firm's representation was addressed primarily to Mr. Davidson, appellee's then Vice President/Administration Controller. The bulk of this representation involved Ohio EPA considerations with the closed plant and immigration issues concerning Mr. Davidson.
 {¶ 18} Not only is the subject matter different, it is also separated in time. The complaint allegations are directed at specific incidences of conduct between 2000-2001. We therefore find appellee failed to meet the second prong of the test.
 {¶ 19} The third test is whether the law firm can guarantee safeguards to appellee. Basically, the affidavit of the lead attorney setting forth safeguards was unchallenged except for an allegation in the motion at page 8 that "Attorney Brockett has obtained information and or documents outside discovery channels and has declined to disclose how the materials were acquired." There is no further reference except for this statement, nor are there any evidentiary materials attached. The trial court was left only to speculate as to the nature and relevance of such materials.
 {¶ 20} Upon review, we find the trial court erred in granting the motion to disqualify the law firm of Squire, Sanders 
Dempsey, LLP.
 {¶ 21} The sole assignment of error is granted.
 {¶ 22} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed.
Farmer, J., Gwin, P.J. and Boggins, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is reversed.