OPINION
{¶ 1} Plaintiff-appellant, The Ohio State University ("OSU"), appeals from a judgment of the Franklin County Municipal Court that dismissed its complaint against defendant-appellee, Karla Cordell ("Cordell"). Because the trial court improperly dismissed OSU's complaint, we reverse and remand the matter for further proceedings.
 {¶ 2} On July 24, 2007, OSU filed a complaint in the Franklin County Municipal Court against Cordell, seeking to recover unpaid tuition, as well as costs and statutory *Page 2 
interest, totaling $1,600.14. Cordell filed an answer in which she denied owing any money to OSU.
 {¶ 3} On October 31, 2007, OSU served Cordell with requests for admission pursuant to Civ. R. 36. On January 28, 2008, OSU filed a combined motion to have the requests for admissions served on Cordell deemed admitted and a summary judgment motion; the former serving as the predicate for the latter. OSU asserted that Cordell failed to respond to the requests and, consequently, the court should deem them admitted. OSU argued those admissions conclusively established that Cordell:
 * * * incurred various charges while she was enrolled as a student at [OSU]; that she has not paid in full for the various charges incurred while she was enrolled at [OSU]; that she is indebted to [OSU] for the charges incurred; and that she owes [OSU] the amount of $1,600.14 plus costs and interest at the rate of 8% from July 10, 2007.
(OSU's motion for summary judgment, at 3-4.) Cordell did not respond to OSU's motion.
 {¶ 4} In an entry dated February 27, 2008, the trial court noted:
 * * * [Cordell] questioned the age of [OSU's] claim in her answer. The court deems that to raise the issue of a Statute of Limitations defense.
 All outstanding issues are to be addressed at the pre-trial. [OSU] shall be prepared to demonstrate that this suit was commenced within the Ohio Statute of Limitations, [Cordell] shall answer the Request for Admissions and provide the answers to counsel for [OSU] prior to the April 1, 2008 pre-trial.
The record discloses that Cordell failed to comply with the trial court's order by responding to the propounded requests.
 {¶ 5} A trial was held on April 1, 2008. Although Cordell did not appear, the trial court went ahead with the proceedings and heard testimony from OSU regarding *Page 3 
Cordell's alleged indebtedness. On April 4, 2008, the trial court issued its judgment entry, dismissing OSU's complaint. In its entry, the court explained:
 The Ohio State University brings suit seeking reimbursement for "Tuition Advances" dated April 1, 1991 and July 11, 1991. The amounts advanced were $326.00 on each date. The total amount sought was $1,600.14, most of that amount represents finance charges. This action was not commenced until 2007 and therefore the statute of limitations has run.
 {¶ 6} OSU filed a timely appeal, and assigns the following as error:
 [1] THE TRIAL COURT ERRED BY NOT FINDING AS A MATTER OF LAW THAT THE APPELLANT, STATE OF OHIO — THE OHIO STATE UNIVERSITY, IS EXEMPT FROM GENERALLY WORDED STATUTE OF LIMITATIONS.
 [2] THE TRIAL COURT ERRED BY NOT FINDING THAT THE REQUESTS FOR ADMISSIONS PREVIOUSLY SERVED ON THE APPELLEE, KARLA CORDELL, WERE AUTOMATICALLY DEEMED ADMITTED AS A RESULT OF THE APPELLEE'S FAILURE TO RESPOND TO THE SAME.
 {¶ 7} In its first assignment of error, OSU argues that, as a political subdivision of the state, it is exempt from a generally worded statute of limitation. According to OSU, "the trial court did not identify the statute of limitations that had allegedly expired, let alone any express statutory language that applied to [OSU]. Thus, the trial court's Decision/Judgment Entry should be reversed because it lacks any authority to support of the same." (OSU's brief, at 9.) We agree.
 {¶ 8} In State Dept. of Transp. v. Sullivan (1988), 38 Ohio St.3d 137, the case relied upon by OSU, the court held at its syllabus, "[t]he state, absent express statutory provision to the contrary, is exempt from the operation of a generally worded statute of limitations." It explained that the foregoing rule "serves the public policy of preserving the public rights, revenues, and property from injury and loss." Id. Here, the trial court did not *Page 4 
identify the specific statute of limitations upon which it relied upon to dismiss OSU's complaint. Thus, we cannot determine whether the rule set forth in Sullivan, supra, applies, and, if so, whether the court's decision runs afoul of the same. As a result, we find that the trial court abused its discretion, and we sustain OSU's first assignment of error.
 {¶ 9} By its second assignment of error, OSU argues that the trial court abused its discretion when it extended the period of time in which Cordell could respond to OSU's requests for admission, and further erred in failing to deem the requests admitted. We agree.
 {¶ 10} Pursuant to the express language of Civ. R. 36(A), requests for admissions are "self-executing; if there is no response to a request or an admission, the matter is admitted. Unlike other discovery matters, the admission is made automatically and requires no further action by the party requesting the admission." Palmer-Donavin v. Hanna, Franklin App. No. 06AP-699, 2007-Ohio-2242, at ¶ 10 (citations omitted). Thus, once a party fails to timely respond to the requests for admissions, the defaulted admissions become facts, and a motion seeking confirmation of those admissions is not necessary. Farah v. Chatman, Franklin App. No. 06AP-502, 2007-Ohio-697, at ¶ 10, citing Vilardo v. Sheets, Clermont App. No. CA2005-09-091, 2005-Ohio-3473, at ¶ 21-22; Natl. City Bank, NEv. Moore (Mar. 1, 2000), Summit App. No. 19465; Natl. Mut. Ins. Co. v.McJunkin (May 3, 1990), Cuyahoga App. No. 58458 (motion to deem matters admitted superfluous).
 {¶ 11} In addition, Civ. R. 36(B) provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment *Page 5 
of the admission." Thus, once a request is deemed admitted, Civ. R. 36(B) permits withdrawal or amendment of the admission only "on motion." Id.; see, also, Columbus v. Real Property (Sept. 5, 1995), Franklin App. No. 95APE03-251. Given the foregoing, it would appear that a trial court may not, sua sponte, ameliorate the effect of an unanswered request for admission. Id.; see, also, American Automobile Assn. v. AAA Legal Clinicof Jefferson Crooke (C.A.5, 1991), 930 F.2d 1117.
 {¶ 12} In this case, there is no dispute that Cordell failed to timely respond to OSU's requests, and, therefore, the unanswered requests were automatically deemed admitted, and those matters conclusively established. A review of the record also discloses that Cordell never moved, either expressly or implicitly, to withdraw or amend those admissions. Thus, we find that the trial court abused its discretion when it, in effect, ignored the matters conclusively established by Cordell's failure to respond to OSU's requests for admissions. Accordingly, we sustain OSU's second assignment of error.
 {¶ 13} Based on the foregoing, we sustain OSU's first and second assignments of error. Accordingly, we reverse the judgment of the Franklin County Municipal Court and remand this case to that court for further proceedings in accordance with law and this opinion.
Judgment reversed and cause remanded.
SADLER and KLINE, JJ., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District. *Page 1