[Cite as *Nunn v. Logan Servs. AC & Heat*, 2016-Ohio-3088.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| GARY L. NUNN | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 26895 |
| | : | |
| v. | : | T.C. NO. 14CVF1640 |
| | : | |
| LOGAN SERVICES AC & HEAT, et al. | : | (Civil Appeal from |
| | : | Municipal Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___20th___ day of _____May_____, 2016.

. . . . . . . . . . .

GARY L. NUNN, 810 Althea Drive, Miamisburg, Ohio 45342
         Plaintiff-Appellant

THOMAS P. DOYLE, Atty. Reg. No. 0085418, Fourth & Walnut Centre, 105 E. Fourth Street, Suite 1400, Cincinnati, Ohio 45202
         Attorney for Defendants-Appellees

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Gary L. Nunn, pro se, appeals from a judgment of the Miamisburg Municipal Court, which granted summary judgment to Logan Services, Inc.[1], and Home Depot

---

[1] The complaint names Logan Services AC & Heat, but the company responded that its proper name is Logan Services, Inc.

U.S.A. on Nunn's claims. For the following reasons, the trial court's judgment will be affirmed.

## I. Factual and Procedural History

{¶ 2} According to Nunn's memoranda in the trial court, Nunn purchased an air conditioner from Home Depot, and Home Depot contracted with Logan Services AC & Heat to install it. The work was performed on July 1 and 2, 2014. In order for the air conditioner to work, the blower motor in the existing furnace needed to be replaced. Nunn further states that Logan did not correctly install the drain pipe, which caused his basement to flood. He sustained property damage and hurt his knee while trying to clean up the water. In October 2014, Nunn attempted to start the furnace. When the furnace did not work, he incurred additional expenses. Logan would not repair the furnace.

{¶ 3} In November 2014, Nunn filed a small claims complaint against Logan, alleging that Logan had failed to honor its service agreement and caused damage to his furnace. Nunn further alleged that his home was flooded due to necessary repairs that were not performed correctly. The same day, Nunn filed a small claims complaint against Home Depot, alleging that Home Depot had hired a contractor to install an air conditioner for Nunn, the services were performed incorrectly, and Home Depot permitted a person other than the homeowner to sign off on the services. On Nunn's motion, the two cases were consolidated, and the case was transferred to the court's civil docket.

{¶ 4} Nunn subsequently filed an amended complaint, naming both Logan and Home Depot ("Defendants"). The complaint alleged that Logan Services mis-installed a drain, which caused Nunn's basement to flood. Nunn stated that he injured his knee cleaning water out of the basement. In addition, Nunn alleged that the furnace had been

inoperable since October 2014 and that he was required to purchase space heaters and ultimately relocated to ensure household heating for his children. Nunn sought damages of $15,000 for replacement of the furnace, medical bills, space heaters, relocation of children, mental anguish, and inconvenience.

{¶ 5} On January 9, 2015, the trial court issued a scheduling order. Trial was scheduled for June 2, 2015. Summary judgment motions were required to be filed no later than 60 days prior to trial (April 3), and the discovery deadline was set 30 days before trial (May 3).

{¶ 6} On February 20, 2015, Defendants moved that their requests for admissions propounded to Nunn be deemed admitted. Two versions of this motion were filed that day (Doc. #21, Doc. #22). Both motions contained an identical affidavit from Defendants' counsel, indicating that he had served the requests for admissions via regular mail on January 9, 2015, and that "[i]t has been over twenty-eight days since a printed copy of the requests for admissions [was] served upon Plaintiff Gary L. Nunn and no written answer or objection has been served upon me." Attached as exhibits to counsel's affidavit were (1) the January 9, 2015 correspondence from counsel to Nunn (Exhibit A); (2) a copy of the request for admissions, with an attachment (Exhibit B); and (3) correspondence from counsel to Nunn, dated January 30, 2015, which, in part, reminded Nunn of the February 6, 2015 deadline for his discovery responses (Exhibit C). Defendants provided a proposed entry for the court.

{¶ 7} The difference between the two motions is in Exhibit B, the copy of the request for admissions. In Doc. #21, Exhibit B is a blank copy of the request for admissions. In Doc. #22, Exhibit B is a copy of the request for admissions with

handwritten responses by Nunn.

{¶ 8} In his written responses, Nunn admitted that he had signed a release on September 3, 2014 related to a July 2, 2014 occurrence at his residence; that release was attached as an exhibit to both the answered and unanswered copies of the request for admissions. Nunn also admitted that he had received payment of $3,122.73 for damages claimed in his amended complaint and that he knew his basement was flooded prior to his knee injury. The additional requests for admissions generally asked if Nunn's various allegations "accrued on account of and/or grew out of" Nunn's allegation that a Logan installer mis-installed "the drain which flooded the basement." Nunn responded to these requests for admissions, saying "The Amended Complaint plainly states mis-installed the drain pipe[,] not drain."

{¶ 9} On March 3, 2015, the magistrate filed an ambiguous document concerning Defendants' motion for their requests for admissions to be deemed admitted. The entry appears to be the proposed entry provided by Defendants, with language indicating that the magistrate was granting the motion. However, the signature line appears to read "Overruled" followed by the magistrate's signature. The court's docket states that the motion was overruled.

{¶ 10} On April 1, 2015, Defendants moved for summary judgment against Nunn.[2] Defendants argued that all of Nunn's claims arose out of his allegation that a "Logan Services installer mis-installed the drain which flooded [his] basement" on June 2, 2014, at or near his Althea Drive residence. Defendants claimed that Nunn signed a release

---

[2] An identical motion was also filed on April 7, 2015. It appears from the docket that the first motion (Doc. #24) was faxed to the court on April 1, and the original was mailed to the court and filed on April 7 (Doc. #25).

on September 3, 2014, releasing Defendants from all of the claims in his complaint. Defendants further argued that Nunn could not prove damages, as he had already received a settlement, or proximate cause, as he was aware of the flooding in his basement prior to the events precipitating his knee injury. In addition, Defendants asserted that Nunn's complaint failed to state any claim against Home Depot.

{¶ 11} Defendants' motion was supported by the affidavits of their counsel, Thomas Doyle, and Sandra Heckman, Administrative Director for Logan Services. Doyle authenticated the request for admissions sent to Nunn and the "late and incomplete answers" to the request for admissions that Defendants had received. (Defendants' memorandum indicated that the trial court had deemed their request for admissions to be admitted.) Heckman stated in her affidavit that Logan has an association and agency relationship with Home Depot, providing air conditioning-related services. She further stated that the services provided to Nunn on July 2, 2014, stemmed from that relationship.

{¶ 12} On April 6, Nunn filed a blank copy of his request for admissions. The certificate of service indicates that Nunn served the request for admissions on Defendants the same day.

{¶ 13} On April 9, Nunn opposed the summary judgment motion. In his memorandum, Nunn stated that he had received correspondence from Donegal Insurance Group regarding this matter, and he signed a release on September 3, 2014. Nunn stated that he subsequently learned that Logan had installed the air conditioner and repaired the furnace without a building permit from the City of Miamisburg and, on October 9, 2014, the furnace would not start. Nunn contacted Logan, but the company would not service the furnace. Nunn subsequently contacted Watkins Heating and Air and learned

that the drain pipe had been installed improperly. Nunn also learned that Logan's employees had not properly shut off the gas, the electrical board was dead, and Logan had not arranged for an inspection, as required by the City. Nunn stated that he would not have signed the release had he known of these occurrences.

{¶ 14} Nunn attached the following documents to his opposition memorandum: (1) Miamisburg permit application for heating, air conditioning, gas piping and water heater, dated July 1, 2014; (2) Home Depot quality checklist and customer approval form, dated July 2, 2014; (3) an invoice from Watkins Heating and Cooling, dated October 9, 2014; and (4) correspondence from Donegal Insurance Group to Nunn, dated August 28, 2014. The Home Depot customer approval form was signed by someone other than Nunn, allegedly for Nunn.

{¶ 15} Defendants filed a reply to Nunn's opposition memorandum, repeating many of their prior arguments. Defendants further asserted that Nunn was improperly trying to add a new claim based on the lack of a permit. Defendants stated that these new allegations were "baseless, not supported by proper Civ.R. 56 evidence, and do not form the basis for a claim as a matter of law."

{¶ 16} In a single sentence entry, the magistrate granted Defendants' summary judgment motion and dismissed the action "for good cause shown." (Doc. # 29, Apr. 21, 2015).

{¶ 17} On April 27, 2015, Nunn filed a "motion to appeal" the magistrate's summary judgment decision, to which Nunn attached additional documents. (Doc. #30.) Defendants filed an opposition memorandum. Nunn subsequently filed a second "motion to appeal" the magistrate's decision, to which Defendants responded both

substantively and by moving to strike the document.

{¶ 18} On June 11, 2015, the trial court overruled Nunn's objections and sustained the magistrate's summary judgment decision. The court found that Nunn had failed to respond to Defendants' request for admissions and, as a result, "those Admissions are deemed admitted, and it becomes almost impossible for the Plaintiff to prevail. As much as I would like to find in favor of Plaintiff's Objections, his early error precludes the Court from doing so." The court stated that, "[a]fter a thorough and complete review of the record, including the pleadings filed in this matter," the objections were overruled and the summary judgment decision was sustained. The court indicated that its ruling was a final appealable order.

{¶ 19} Nunn appealed the trial court's entry. *Nunn v. Logan Servs. AC & Heat*, 2d Dist. Montgomery No. 26743. We dismissed the appeal for lack of a final appealable order. We noted that, although the trial court sustained the magistrate's decision, it did not make its own order on the matter before the court. *Id.*, Decision and Final Judgment Entry, Sept. 21, 2015.

{¶ 20} After the dismissal of his first appeal, Nunn filed a "motion to amend decision," asking the trial court to amend its decision and allow the matter to proceed to trial or, alternatively, to enter a decision that is appealable.

{¶ 21} On October 13, 2015, the trial court denied Nunn's motion to amend its decision. The court reiterated that it was sustaining the magistrate's finding granting summary judgment to Logan Services, Inc. and Home Depot, pursuant to Civ.R. 56(C), and dismissing Nunn's complaint against them.

{¶ 22} Nunn appeals the trial court's October 13, 2015, judgment, raising seven

assignments of error. We will address them in an order that facilitates our analysis.

## II. Trial Court's June 11, 2015 Non-Final Order

{¶ 23} Nunn's fifth and sixth assignments of error state:

The court erred by rend[er]ing a decision that was not appea[lable] to the Second Appellate Court.

The court erred that the Plaintiff had to refile this matter with the Second Appellate [Court].

{¶ 24} In these assignments of error, Nunn asserts that the trial court erred by failing to provide a final, appealable order on June 11, 2015. As a result of this failure, Nunn's first appeal was dismissed, and he was required to file a new appeal after the trial court issued a final appealable order in October 2015.

{¶ 25} We recognize that the trial court's failure to issue a final appealable order on June 11, 2015, has resulted in a several-month delay in having Nunn's issues heard before this court, and Nunn has likely incurred some additional expense due to his having to file a second appeal.

{¶ 26} Nevertheless, the trial court's failure to issue a final appealable order has been rectified to this court's satisfaction with the October 13, 2015 judgment. Although the trial court did not expressly enter judgment in favor of Logan and Home Depot, it is apparent that the trial court, itself, was entering judgment in their favor, and we need not reference the magistrate's decision to understand the parties' rights and obligations. The trial court's failure to file a final appealable order on June 11, 2015 has no bearing on the merits of the court's October 13, 2015 judgment.

{¶ 27} Nunn's fifth and sixth assignments of error are overruled.

### III. Requests for Admissions

**{¶ 28}** Nunn's first, second, and fourth assignments of error state:

The court erred by not allowing a motion for admission filed by the Plaintiff to Logan Services AC & Heat and Home Depot.

The court erred by allowing a motion of admissions filed by the Defendants['] attorney and asking for the Plaintiff[']s Social Security and other personal information that had nothing to do with this matter.

The court erred by stating in the decision June 11, 2015 that the reason the judge ruled against the Plaintiff was because the Plaintiff did not respon[d] to Defendants['] request for admission when the Plaintiff received the motion in the mail the Plaintiff noticed the motion ask[ed] for the Plaintiff[']s Social Security number and other personal information the Plaintiff notified the court and the attorney representing the Defendant[s] that he would not be coming forth with that information.

**{¶ 29}** In his second and fourth assignments of error, Nunn claims that the trial court erred in its treatment of his and Defendants' requests for admissions.

**{¶ 30}** First, Nunn asserts that the trial court erred by not allowing his "motion for admission" directed to Defendants. The record contains a copy of Nunn's first request for admissions, which Nunn filed with the court and served on Defendants on April 6, 2015. Nunn did not file a motion along with his request for admissions, and he did not ask the trial court to deem his request for admissions to be admitted. The trial court did not err in failing to act on Nunn's April 6, 2015 filing.

**{¶ 31}** Second, Nunn claims that the trial court erred in deeming Defendants'

request for admissions to be admitted, focusing on the fact that Defendants' request for admissions asked for personal information, such as his Social Security number.

{¶ 32} Nunn states in his "motion to amend decision" that Defendants had sent two different requests for admissions to him. Nunn indicated that he had responded to the first request for admissions that he would not provide the personal information requested.

{¶ 33} The request for admissions about which Nunn complains is not in the record before us, and we find nothing in the record to suggest that the trial court penalized Nunn for not producing his personal information. According to the record, the only request for admissions that the trial court addressed was the request for admissions that Defendants' counsel mailed to Nunn on January 9, 2015. This request for admissions concerned the release that Nunn signed and whether the allegations in Nunn's complaint arose out of the incident identified in the release; Nunn admitted these allegations in his responses. Nunn's assignments of error do not concern the requests for admissions sent on January 9, 2015.

{¶ 34} Nunn's first, second, and fourth assignments of error are overruled.

### IV. Summary Judgment Ruling

{¶ 35} Nunn's third and seventh assignments of error state:

The court erred by allowing the magistrate[']s decision to be made part of the record as there was given no reason but stated for good cause shown.

The court erred by not * * * allowing the Plaintiff a trial in this matter and was ask[ed] for in the amended motion.

{¶ 36} Nunn's third and seventh assignments of error challenge the magistrate's

and the trial court's granting of Defendants' summary judgment motion.

{¶ 37} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264 (1996).

{¶ 38} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.* Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 39} We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond*, 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8.

**{¶ 40}** First, Nunn complains that the magistrate provided no reasoning for its grant of summary judgment. Under Ohio's Rules of Civil Procedure, a magistrate's decision may be general, unless findings of fact and conclusions of law are timely requested by a party or are otherwise required by law. Civ.R. 53(D)(3)(a)(ii). A request for findings of facts and conclusions of law may be made before a magistrate's decision is rendered or within seven days of the filing of the magistrate's decision. *Id.*

**{¶ 41}** Nunn did not request findings of facts or conclusions of law, either before or any time after the magistrate's decision. Accordingly, the magistrate was not required to make findings of fact and conclusions of law, and he was permitted to file only a general decision granting summary judgment.

**{¶ 42}** We note that the magistrate's decision failed to "indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any finding factual or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(a)(iii). Nevertheless, Nunn filed timely objections to the magistrate's decision. Accordingly, the failure to include this notification was harmless.

**{¶ 43}** Finally, Nunn claims that the trial court erred in granting summary judgment against him.

**{¶ 44}** It is undisputed that on July 2, 2014, Logan Services, Inc., provided services to Nunn at his residence located on Althea Drive in Miamisburg. In his untimely responses to Defendants' request for admissions,[3] Nunn agreed that, on September 3,

---

[3] Defendants' counsel's affidavit indicates that Nunn's answers to the request for

2014, he signed a release, which stated in part:

> That the Undersigned, being of lawful age, for sole consideration of Three Thousand One Hundred Twenty-Two Dollars and Seventy Three Cents ($3,122.73) to be paid to Gary Nunn, do/does hereby and for my/ours/its heirs, executors, administrators, successors and assigns release, acquit and forever discharge James Cain [a Logan employee], Donegal Mutual Insurance Company & Logan Services, Inc. and his, her, their, its agents, servants, successors, heirs, executors, administrators, all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen property damage and consequences thereof or to result from the occurrence on or about 07/02/2014, at or near 810 Althea Drive, Miamisburg, OH 45342.

Nunn further agreed in response to Defendants' request for admissions that he had "received payment of $3,122.73 for the damages claimed in [his] Amended Complaint."

**{¶ 45}** In response to requests for admissions that Nunn's allegations "accrued on account of and/or grew out of your allegation that a 'Logan Services installer mis-installed the drain which flooded the basement' on July 2, 2014 at or near Althea Drive," Nunn

---

admissions were not timely given, and the trial court indicated that the request for admissions were deemed admitted. Nonetheless, in an effort to construe the evidence most favorably to Nunn, we will reference his answers.

stated that the amended complaint stated "drain pipe," not "drain." Nunn did not deny the remaining portions of the requested admissions.

{¶ 46} Requests for admission are deemed admitted unless the party to whom the request is directed serves upon the party requesting the admission a timely written answer or objection addressed to the matter. Civ.R. 36(A)(1). If the answer is a denial of the requested admission, the denial "shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his or her answer, or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Civ.R. 36(A)(2).

{¶ 47} Although the magistrate's ruling arguably overruled Defendants' motion to deem their requests for admissions to be admitted, the trial court's ruling found that "those Admissions are deemed admitted." The record supports a conclusion that Nunn did not timely respond to the request for admissions and that, pursuant to Civ.R. 36(A)(2), Defendants' requests for admissions were properly deemed admitted by the trial court.

{¶ 48} Even assuming that the admissions should not be "deemed" admitted and considering Nunn's untimely answers (which Defendants submitted as evidence), Defendants' evidence established that Nunn's allegations against Logan resulted from the services Nunn received from Logan at his residence on July 2, 2014, that Nunn had already received compensation for his claimed damages, and that the release that Nunn signed on September 3, 2014 covered the allegations in Nunn's amended complaint.

{¶ 49} In his response to Defendants' summary judgment motion, Nunn stated that he did not discover Logan's failure to obtain a permit, the fact that the furnace was inoperable, and the failure to obtain an inspection by the City until after he had signed the

release. Nunn indicated that he would not have signed that release had he known of the extensive damage to the furnace.

**{¶ 50}** The release that Nunn signed is a contract. As explained by the Eighth District Court of Appeals,

> A release ordinarily operates to extinguish a right in exchange for some consideration and effectively operates as an estoppel or a defense to an action by the releasor. As such, it is a contract between parties, enforceable at law subject to the rules governing the construction of contracts. Whether a release operates upon a certain liability depends entirely upon the intention of the parties, which is to be gathered from the language of the release and the state of facts then existing. If the parties to a release intend to leave some things out of a release, then "their intent to do so should be made manifest." When the terms of a contract are unambiguous, courts will not, in effect, create a new contract by finding an intent not expressed in the language employed by the parties. Moreover, when the parties have negotiated the release with the assistance of legal counsel, and both sides have agreed to the language included in the release, there is an assumption that the parties are fully aware of the terms and scope of their agreement. (Internal citations omitted).

*Weisman v. Blaushild*, 8th Dist. Cuyahoga No. 88815, 2008-Ohio-219, ¶ 24, quoted by *Graham v. Boerger*, 2d Dist. Darke No. 2014-CA-17, 2015-Ohio-3261, ¶ 14.

**{¶ 51}** We find nothing ambiguous about the release that Nunn signed. The release expressly stated that it covered claims "which may hereafter accrue on account

of or in any way growing out of any and all known and unknown, foreseen and unforeseen property damage and consequences thereof *or to result from the occurrence on or about 07/02/2014, at or near 810 Althea Drive, Miamisburg, OH 45342*." (Emphasis added.) Even if Nunn were unaware of all of the past or future damage when he signed the release, he released Logan from such claims, absent fraud by Logan in negotiating the release. Nothing in Nunn's response indicates that he is not bound by the release or that the release does not encompass all of his claims against Logan.

{¶ 52} Defendants also claimed that Home Depot was entitled to summary judgment. They claimed that the release precluded the claims against Home Depot arising from the same incident and that Nunn failed to state a claim against Home Depot in his amended complaint. We agree that Nunn's amended complaint named Home Depot in the caption, but there were no specific allegations against Home Depot. In addition, Nunn does not argue that the release does not preclude his claims against Home Depot.

{¶ 53} Construing the evidence in the light most favorable to Nunn, we conclude that the trial court did not err in granting summary judgment to Logan and Home Depot.

### V. Conclusion

{¶ 54} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J. and HALL, J., concur.

Copies mailed to:

Gary L. Nunn
Thomas P. Doyle
Hon. Robert W. Rettich, III