[Cite as *Smallwood v. Shiflet*, 2016-Ohio-7887.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 103853

# KENNETH SMALLWOOD, JR.

PLAINTIFF-APPELLANT

vs.

# WILLIE SHIFLET

DEFENDANT-APPELLEE

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-837751

**BEFORE:** Keough, P.J., E.A. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** November 23, 2016

**APPELLANT**

Kenneth Smallwood, pro se
Ross Correctional Institution
P.O. Box 7010
Chillicothe, Ohio 45601


**APPELLEE**

Willie Shiflet, pro se
1823 W. 54th Street
Cleveland, Ohio 44102

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Plaintiff-appellant, Kenneth Smallwood, Jr., appeals the trial court's decision entering judgment in favor of defendant-appellee, Willie Shiflet. For the reasons that follow, we reverse and remand.

{¶2} In December 2014, Smallwood filed suit against his uncle, Shiflet for claims of fraud, conversion of property, and breach of a bailment contract. The complaint alleged that Shiflet was supposed to keep and maintain Smallwood's personal property while Smallwood was in prison. It was alleged that when Smallwood's stepfather, Leandro Sanchez, attempted to retrieve the property at Smallwood's request, Shiflet refused to deliver the property. It was also alleged that Shiflet wrongfully sold the property. Smallwood requested $22,065 in actual damages and demanded punitive damages. Shiflet was personally served with the complaint on December 29, 2014.

{¶3} In February 2015, Smallwood moved for default judgment because Shiflet failed to file an answer. The trial court scheduled a default hearing for March 10, 2015. On March 9th, Shiflet sent the trial court a letter, stating:

> This case has been dismissed in your court 2 times for lack of evidence. I wish to end this matter if possible[.] This man is wasting your time. Included is a letter from [Smallwood,] which I consider a threat. Please try to help me in this matter.

{¶4} The trial court subsequently issued a journal entry construing Shiflet's letter as an answer. Accordingly, the court found Smallwood's motion for default as moot, and set a case management schedule.

{¶5} Because Shiflet did not serve Smallwood with a copy of his "answer," the trial court instructed the clerk to serve Smallwood with a copy of this communication. From the record, we glean that this did not occur. Because Smallwood did not receive a copy of the answer, he again moved for default judgment, which the court subsequently denied. Subsequently, Smallwood served Shiflet with a request for admissions.

{¶6} After the deadline passed for Shiflet to respond to the request for admissions, Smallwood moved for summary judgment, relying entirely on the unanswered admissions that Smallwood contended were "conclusively deemed admitted." Despite Smallwood filing a request for a ruling on his motion for summary judgment prior to trial, a bench trial commenced on October 19, 2015. The following day, the trial court issued a journal entry denying Smallwood's motion for summary judgment finding that genuine issues of material fact precluded judgment.

{¶7} On November 3, 2015, the trial court issued a written opinion finding that Smallwood failed to prove by a preponderance of the evidence his claims for fraud, conversion, and breach of a bailment contract. Accordingly, the trial court entered judgment in favor of Shiflet.

{¶8} Smallwood now appeals, raising three assignments of error.[1]

## I. Default Judgment

---

[1]Shiflet did not file an appellee brief. Therefore, pursuant to App.R. 18(C), this "court may accept the appellant's statement of the facts and issues as correct and reverse judgment if appellant's brief reasonably appears to sustain such action."

**{¶9}** In his first assignment of error, Smallwood contends that the trial court erred and abused its discretion in refusing to enter a default judgment where the defendant failed to file any responsive pleading to the complaint. He specifically lists the issues as:

1. Whether the absence of any responsive pleading in the record demonstrates that the defendant is, in fact, in default?

2. Whether it is an abuse of discretion to refuse to grant a default judgment where no such responsive pleading was made?

**{¶10}** The grant or denial of default judgment is reviewed for an abuse of discretion. *Beacon Place at Church Square Homeowners, Assn. v. Smith*, 8th Dist. Cuyahoga No. 103323, 2016-Ohio-619, ¶ 13, citing *Goodyear v. Waco Holdings, Inc.*, 8th Dist. Cuyahoga No. 91432, 2009-Ohio-619, ¶ 19. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶11}** Civ.R. 55(A) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court * * *." "A default judgment is proper when, and only when, a defendant has not contested the plaintiff's allegations by pleading or 'otherwise defending' such that no issues are present in the case." *Reese v. Proppe*, 3 Ohio App.3d 103, 105, 443 N.E.2d 992 (8th Dist.1981). *See also Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 502 N.E.2d 599 (1986).

**{¶12}** In this case, the record demonstrates that on the day before the default hearing on March 9, 2015, Shiflet filed a handwritten letter with the trial court. In the letter, Shiflet stated in relevant part that, "this case has been dismissed in your court 2 times for lack of evidence. I wish to end this matter if possible[.] This man is wasting your time[.] * * * Please try to help me in this matter[.]" The trial court issued a journal entry on March 12, 2015, stating that it would construe Shiflet's communication as an answer. Because the court accepted Shiflet's letter as an answer, the court denied Smallwood's motion for default as moot. At no time did Smallwood challenge this ruling by moving to strike Shiflet's answer.

**{¶13}** On appeal, Smallwood also makes no argument that the trial court abused its discretion in accepting or construing Shiflet's handwritten letter as an answer. Instead, Smallwood focuses his argument on appeal on the trial court's decision to deny as moot the motion for default. The basis for his argument is premised on the erroneous conclusion that Shiflet failed to answer the complaint. However, the record clearly demonstrates that Shiflet did file a correspondence that was construed as an answer. Whether this ruling was proper or an abuse of discretion has not been raised on appeal.

**{¶14}** Accordingly, because Shiflet filed an answer, Smallwood was not entitled to default judgment. *Office of Disciplinary Counsel v. Jackson*, 81 Ohio St.3d 308, 311, 691 N.E.2d 262 (1998) (when a defendant has filed an answer, there can be no default judgment), *In re Crabtree*, 1st Dist. Hamilton No. C-010290, 2002-Ohio-1135, ¶ 9 ("court

cannot enter a default judgment against a party who has filed an answer"). The first assignment of error is overruled.

## II. Admissions

{¶15} On May 5, 2015, Smallwood served Shiflet with the following request for admissions:

1. Admit that in approximately May of 2011, you went to the residence of the plaintiff at 3161 W. 106th Ave., Cleveland, Ohio and loaded the list of property attached to the initial complaint in this action as "Exhibit A" belonging to the plaintiff on your truck.

2. Admit that you went and took possession of the above items of property upon agreement with plaintiff to safeguard [a]nd maintain these items under bailment pendent to plaintiff's release from incarceration;

3. Admit that, on or about April 1, 2014, Leandro Sanchez advised you that plaintiff wished you to release the above noted property items to Sanchez, acting on Plaintiff's behalf;

4. Admit that, on or about April 1, 2014, you refused to deliver the property or release it to Leandro Sanchez upon plaintiff's request

5. Admit that you wrongfully converted the above noted property items for personal gain without permission, express or implied, of the plaintiff

6. Admit that the approximate value of the property you wrongfully converted is $25,000.

{¶16} When Shiflet failed to timely respond or answer the admissions, Smallwood moved for summary judgment and filed a notice of matters admitted with a copy of the request for admissions attached. Smallwood argued in his motion that Shiflet's failure to answer the request for admissions resulted in conclusive admissions under Civ.R. 36, and such admissions were dispositive of the claims. The trial court denied Smallwood's

motion for summary judgment after trial commenced. In the trial court's journal entry, it did not reference Shiflet's Civ.R. 36 conclusive admissions. Additionally, in the trial court's written judgment entry entering judgment in favor of Shiflet after trial, the court did not reference or indicate it considered the admissions.

{¶17} In his second assignment of error, Smallwood contends that the trial court erred and abused its discretion in failing to consider the facts conclusively admitted by the defendant in discovery within the ultimate decision. After reviewing the issues and arguments raised, we find that Smallwood is not challenging the trial court's denial of his summary judgment based on the admissions; rather, he is challenging the trial court's failure to consider the admissions in rendering its verdict in favor of Shiflet.

{¶18} Pursuant to the express language of Civ.R. 36(A), requests for admissions are "self-executing; if there is no response to a request or an admission, the matter is admitted. Unlike other discovery matters, the admission is made automatically and requires no further action by the party requesting the admissions." *State v. Cordell*, 10th Dist. Franklin No. 08AP-361, 2008-Ohio-6124, ¶ 10, quoting *Palmer-Donavin v. Hanna*, 10th Dist. Franklin No. 06AP-699, 2007-Ohio-2242, ¶ 10; *T & S Lumber Co. v. Alta Constr. Co.*, 19 Ohio App.3d 241, 242, 483 N.E.2d 1216 (8th Dist.1984); *St. Paul Fire & Marine Ins. Co. v. Battle*, 44 Ohio App.2d 261, 269, 337 N.E.2d 806 (8th Dist.1975). Thus, once a party fails to timely respond to the requests for admissions, the defaulted admissions become fact, and a motion seeking confirmation of those admissions is not necessary. *Cordell* at *id.*, citing *Farah v. Chatman*, 10th Dist. Franklin No. 06AP-502,

2007-Ohio-697, ¶ 10; *see also Natl. Mut. Ins. Co. v. McJunkin*, 8th Dist. Cuyahoga No. 58458, 1990 Ohio App. LEXIS 1730 (May 3, 1990) (motion to deem matters admitted superfluous).

**{¶19}** Request for admissions are deemed admitted unless the responding party serves upon the requesting party a timely written answer or objection to the request for admissions. *Nunn v. Logan Servs. AC & Heating*, 2d Dist. Montgomery No. 26895, 2016-Ohio-3088, ¶ 46, citing Civ.R. 36(A)(1). Furthermore, Civ.R. 36(B) provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

**{¶20}** In this case, Smallwood filed a "Notice of Matters Admitted" on July 9, 2015, contemporaneously with his motion for summary judgment after Shiflet failed to respond to the admissions. Because Shiflet did not respond to the request for admissions, by operation of Civ.R. 36, the request for admissions are deemed admitted. Furthermore, the record before this court does not reveal that Shiflet ever moved to withdraw or amend his admissions. Therefore, because the request for admissions are conclusively established, the trial court abused its discretion when it failed to consider Shiflet's admissions when rendering its final judgment.

**{¶21}** Reviewing Shiflet's admissions as they correspond to Smallwood's causes of action for fraud, conversion, and breach of bailment of contract, we find that the admissions would only be dispositive of Smallwood's claim for conversion of property. The elements of conversion are "(1) plaintiff's ownership or right to possession of the

property at the time of conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." *Schiff v. Dickson*, 8th Dist. Cuyahoga Nos. 96539 and 96541, 2011-Ohio-6079, ¶ 30.

**{¶22}** Through the admissions, Shiflet admitted that he took possession of Smallwood's personal property to safeguard until Smallwood was released from prison. Shiflet further admitted that he wrongfully converted the property for person gain without permission. Finally, Shiflet admitted that the value of the property was approximately $25,000. Accordingly, regardless of Shiflet's trial testimony, he could not escape from the admissions he previously made during discovery. *See Johnson v. Cleveland Metro. Gen. Hosp.*, 8th Dist. Cuyahoga No. 55986, 1989 Ohio App. LEXIS 5243, 7-8 (Nov. 22, 1989) (absent any objection or withdraw of an admission, the admitting party cannot contradict at trial the admission previously made); *Am. Auto. Assn. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir.1991) (discussing Fed.R.Civ.P. 36, an admission that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by the trial court simply because it finds the evidence presented by the party against whom the admission operates more credible).

**{¶23}** Therefore, judgment should have been entered in favor of Smallwood on his claim for conversion based on the Civ.R. 36 admissions. As for Smallwood's other claims for fraud and breach of bailment of contract, the admissions do not satisfy the elements of those causes of action.

**{¶24}** Accordingly, Smallwood's second assignment of error is sustained.

### III. Final Judgment

{¶25} Smallwood argues in this third assignment of error that the trial court erred and abused its discretion in entering judgment for the defendant where no evidence was adduced to support the verdict. Having sustained Smallwood's second assignment of error, this assignment of error is hereby rendered moot.

{¶26} However, we note that despite Smallwood's assertion that he has been precluded from providing the trial transcript, this court has given him ample opportunity to provide a transcript to this court. Insofar as Smallwood contends he is indigent, he could have filed an App.R. 9(C) statement in lieu of a transcript. *See State ex rel. Motley v. Capers*, 23 Ohio St.3d 56, 491 N.E.2d 311 (1986) (a transcript is unavailable, for purposes of App.R. 9(C), to an indigent appellant unable to bear the cost of providing a transcript). Accordingly, because Smallwood failed to file a transcript or an App.R. 9(C) statement of the proceedings, we would be unable to review the merits of this assignment of error.

{¶27} Judgment reversed. The case is remanded to the trial court to enter judgment in favor of Smallwood on his conversion claim in the amount of $22,065, as reflected in his complaint.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS;
EILEEN A. GALLAGHER, J., DISSENTS (SEE SEPARATE OPINION)


EILEEN A. GALLAGHER, J., DISSENTING:

{¶28} I respectfully dissent from the majority opinion. I find that the handwritten "communication letter" filed with the court by appellee Shiflet on March 9, 2015 in this case did not constitute an answer under the Ohio Rules of Civil Procedure. Therefore, I would reverse and remand.

{¶29} The record reflects that service of the complaint on Shiflet was obtained on December 29, 2014. When Shiflet failed to answer, Smallwood filed a motion for default judgment on February 11, 2015. The trial court conducted a case management conference on February 17, 2015, at which time it noted that Shiflet had failed to answer the complaint and instructed Smallwood to provide the court with proof of service, an original affidavit or proof of damages, a military affidavit, a proposed journal entry and a copy of a letter notifying Shiflet of a default hearing set for March 10, 2015. Smallwood provided the trial court with the requested documents prior to the date of the default hearing.

{¶30} On March 9, 2015 the trial court received a handwritten letter from Shiflet which stated in relevant part that, "this case has been dismissed in your court 2 times for lack of evidence. I wish to end this matter if possible[.] This man is wasting your time[.] * * * Please try to help me in this matter[.]" The trial court issued a journal entry on March 12, 2015, indicating that it would construe Shiflet's communication as an answer and denied Smallwood's motion for default judgment as moot. The record reflects that Shiflet did not serve Smallwood with this communication. Upon motion of the plaintiff, the trial court ordered the clerk to serve Smallwood with a copy of Shiflet's communication but, on May 15, 2015, Smallwood filed a renewed motion for default judgment asserting that he had still not received a copy of the communication. Smallwood objected to the "answer," maintained that Shiflet remained in default and renewed his request for default judgment. The trial court denied Smallwood's motion.

{¶31} The question before us is whether Shiflet's communication to the trial court, which he failed to serve upon Smallwood, properly qualified as an answer such that the trial court was correct in denying Smallwood's motion for default judgment as moot.

{¶32} Civ.R. 8(F) requires the court to liberally construe all pleadings to do substantial justice. Although this rule provides trial court with leeway in addressing the pleadings of pro se parties, such leeway is not boundless. In *Kne v. Cleveland Auto Body Rustproofing, Inc.*, 8th Dist. Cuyahoga No. 42202, 1980 Ohio App. LEXIS 13108 (Dec. 18, 1980), this court held that a trial court erred in finding informal pro se correspondence

addressed to the court which failed to comply with the formality and service requirements

of Civ.R. 5 and 10 to constitute an answer. We explained:

> We recognize a person's right to represent himself in an action rather than retaining the services of legal counsel. However, we cannot condone the adoption of two diverse standards for adherence to the procedural requirements of pleading. Although we realize procedural requirements perhaps are not applied as strictly to a lay person as they are to a professional, one who chooses to represent himself assumes the risk of failure when he does not meet the minimum requirements of pleading. The courts may be, and often are, flexible in their interpretation of the rules of procedure when dealing with pro se actions, however, to ignore the rules entirely invites disaster and is grossly unfair to those individuals who take precautions to protect themselves and hire counsel to further those ends. If we permit sloppy and careless procedure, we are encouraging chaos in the trial courts.

*Id.*, quoting *Spratt v. Frederickson*, 8th Dist. Cuyahoga No. 38579, 1979 Ohio App.

LEXIS 10031 (Apr. 26, 1979).

{¶33} Even in instances where courts have been willing to overlook procedural

deficiencies in pro se answers defendants have still been required to, at a minimum,

indicate their intent to defend the case and state in short and plain terms their defense to

the claims asserted. *See, e.g., Preferred Risk Grp. v. Barker*, 5th Dist. Tuscarawas No.

93AP090064, 1994 Ohio App. LEXIS 963 (Mar. 2, 1994) (pro se answer did not comply

with Civ.R. 8 and Civ.R. 10 but sufficiently stated in short and plain terms the defense to

the claim asserted); *Groehler v. Litton Sys.*, 6th Dist. Williams No. WMS-86-1, 1986 Ohio

App. LEXIS 7731 (Aug. 1, 1986) (procedural requirements were not followed but based

on the contents of answer indicated the defendant knew nothing and had no access to

information which would help him remember anything about averments and allegations in the complaint).

**{¶34}** I find that the correspondence in this instance fails the above standards in form, procedure and substance and, therefore, cannot be treated as a valid answer. Therefore, in my view, the trial court erred in failing to consider the merits of Smallwood's motion for default judgment. *Turner v. Alexander*, 107 Ohio App.3d 853, 859, 669 N.E.2d 565 (10th Dist.1995) (defendant having failed to properly answer, entitled plaintiff to have his motion for default judgment considered on the merits, which would include, if necessary, the opportunity to present evidence).

**{¶35}** I would reverse and remand for the trial court to grant default judgment in favor of appellant.