OPINION
{¶ 1} Defendant-appellants, Daniel Alcox and Judith Alcox (collectively "appellants"), appeal from a decision of the Franklin County Court of Common Pleas granting plaintiff-appellee David Luce's ("appellee") motion to disqualify the law firm of Onda, LaBuhn, and Rankin Co., LPA ("OLR") as counsel for appellants. The following assignments of error are asserted on appeal:
[1.] The trial court erred by granting Plaintiff-Appellee's motion to disqualify Defendants-Appellants' counsel.
[2.] The trial court erred by failing to hold an evidentiary hearing prior to deciding plaintiff-Appellee's motion to disqualify defendants-Appellants' counsel.
 {¶ 2} N-GEN-TECH, Inc. was incorporated as an Ohio for-profit corporation on January 26, 2000. Appellant, Daniel J. Alcox, was the sole shareholder of 100 shares from the date of incorporation until April 19, 2002, when appellee was issued 90 shares. By September 1, 2003, the corporation terminated its active business operations and ceased to be a going concern. Appellee desired to redeem his shares and the parties attempted to agree on the redemption value. However, a dispute arose over the redemption offer, and on February 18, 2004, appellee filed this action on his own behalf and purportedly on behalf of N-GEN-TECH, Inc.
 {¶ 3} Mr. Robert J. Onda ("Onda") of OLR has represented N-GEN-TECH since its formation. Attorneys Benjamin Ogg, Timothy Rankin, and Robert E. Williams of OLR became counsel of record in this litigation shortly after this action was filed. On May 11, 2004, appellee filed a motion to disqualify OLR as counsel for appellants arguing that OLR has a conflict of interest by Onda's role as counsel to N-GEN-TECH, and that Onda may need to be called as a witness.
 {¶ 4} The trial court entered an order setting a hearing for September 27, 2004. On this date, counsel for the parties met with the trial judge in chambers. No testimony or evidence was taken and no transcript of proceedings was made. On November 10, 2004, the trial court issued a "Decision and Entry," which stated:
On May 11, 2003 Plaintiffs David Luce on behalf of N-GEN-TECH, Inc. moved to disqualify Onda, LaBuhn Rankin Co., LPA ("OLR") from representation of Defendants Daniel J. Alcox and Judith K. Alcox in these proceedings. On September 27, 2004, counsel for the parties met with the Court in chambers to discuss the status of the pending Motion to Disqualify. In that status conference, the Court determined that OLR should be disqualified as of November 1, 2004 following the reasoning set forth in this Court's prior decision in Patrick v. Ressler
2001 Ohio App. LEXIS 4403 (10th Dist. 2001). Accordingly, IT IS HEREBY ORDERED that Onda, LaBuhn Rankin Co., LPA is disqualified from further representation of Defendants in these proceedings.
 {¶ 5} A trial court has wide discretion in the consideration of a motion to disqualify counsel. Spivey v. Bender (1991), 77 Ohio App.3d 17. When reviewing a decision of the trial court to disqualify counsel, we apply an abuse of discretion standard. Campbell v. Independent Outlook,Inc., Franklin App. No. 04AP-310, 2004-Ohio-6716; Mentor Lagoons, Inc.v. Rubin (1987), 31 Ohio St.3d 256. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. "A decision is unreasonable if there is no sound reasoning process that would support that decision." AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161. Further, disqualification of an attorney is a drastic measure which should not be imposed unless absolutely necessary. Campbell, supra, citing Musa v.Gillette Comm. of Ohio, Inc. (1994), 94 Ohio App.3d 529. Even if the requested disqualification is allegedly based on ethical considerations, the party moving for disqualification still bears the burden of demonstrating the need to disqualify counsel. Centimark Corp. v. BrownSprinkler Serv., Inc. (1993), 85 Ohio App.3d, at 488-489.
 {¶ 6} We address appellants' assignments of error in reverse. In the second assignment of error, appellants argue that the trial court erred in failing to hold an evidentiary hearing prior to deciding appellee's motion to disqualify appellants' counsel. The only instance in which the Supreme Court of Ohio has held that an evidentiary hearing is required is when "ruling on a motion for disqualification of either an individual * * * or the entire firm * * * when an attorney has left a law firm and joined a firm representing the opposing party." Kala v. Aluminum Steel
(1998), 81 Ohio St.3d 1, 13. There is nothing in Kala to suggest that an evidentiary hearing is required on all motions to disqualify counsel. SeeHarsh v. Kwait (2000), Cuyahoga App. No. 76683. Therefore, we find that the trial court did not abuse its discretion in not holding an evidentiary hearing on appellee's motion to disqualify counsel, and overrule appellants' second assignment of error.
 {¶ 7} In the first assignment of error, appellants argue that the trial court abused its discretion in granting appellee's motion to disqualify appellants' counsel. In ruling on a motion for disqualification, a trial court must consider the facts in light of the following three-part test and determine whether "(1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification." Phillips v. Haidet (1997), 119 Ohio App.3d 322, 325, quoting Dana Corp. v. Blue Cross Blue Shield Mut. of N. Ohio (C.A. 6, 1990), 900 F.2d 882, 889.
 {¶ 8} In its November 10, 2004 decision, the trial court granted appellee's motion to disqualify "following the reasoning set forth in this court's prior decision in Patrick v. Ressler 2001 Ohio App. LEXIS 4403 (10th Dist. 2001)." We find that this conclusion does not fulfill the required analysis cited above. See Mansfield Plumbing Products, LLC v.Franze (2004), Ashland App. No. 04COA012, 2004-Ohio-4765. Because there is no analysis, we are unable to conduct a meaningful review of the trial court's decision, as we are unable to determine the factual and/or legal conclusions reached by the trial court, as well as what the trial court relied upon in reaching its decision. Affirming the trial court in this instance would essentially require this court to hold that the mere structure of the parties in this litigation warrants automatic disqualification. However, that is not the law in the state of Ohio at this time. Therefore, we find that the trial court abused its discretion in granting the motion to disqualify and are compelled to remand the matter to the trial court. By remanding, we do not imply that disqualification is not warranted, but that to disqualify counsel, the court must fulfill the required analysis. Accordingly, we sustain appellants' first assignment of error.
 {¶ 9} For the foregoing reasons appellants' first assignment of error is sustained, appellants' second assignment of error is overruled, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings in accordance with this decision.
Judgment affirmed in part, reversed in part, and cause remanded withinstructions.
Petree and McCormac, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.