JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Third-party defendant Daisy Reyes appeals from the order of the trial court that disqualified her attorney, former Greater Cleveland Regional Transit Authority ("GCRTA") counsel Ronald Riley from representing her in an action alleging that GCRTA and Medical Mutual improperly disclosed confidential information. For the reasons set forth below, we reverse and remand for further proceedings.
 {¶ 3} On January 10, 2005, plaintiff Dianne Fletcher filed this action against GCRTA and Medical Mutual alleging improper disclosure of confidential medical records. The matter was dismissed in June 2005, then refiled on December 7, 2005.
 {¶ 4} Plaintiff settled her claims against Medical Mutual. GCRTA filed a third-party complaint against its employee Daisy Reyes. Reyes subsequently retained appellant Ronald Riley to represent her. GCRTA filed a motion to disqualify Riley, noting that he had served as Associate Counsel-Litigation for GCRTA, and that he attended staff meetings at which this matter was discussed.
 {¶ 5} In opposition, Riley maintained that he worked for GCRTA from 1999 until June 2006, that he was never aware of or involved with any aspect of this lawsuit during the course of his employment at GCRTA, that GCRTA maintains its litigation records in strict confidence, and that he was entitled to a hearing. *Page 5 
The trial court granted the motion to disqualify Riley without holding an evidentiary hearing. Reyes now appeals and asserts the following error for our review:
 {¶ 6} "The trial court erred or abused its discretion in not conducting an evidentiary hearing prior to issuing an order disqualifying Appellant's choice of legal counsel based on an asserted conflict of interest."
 {¶ 7} On review of a trial court's decision to disqualify a party's counsel, we apply an abuse of discretion standard. 155 N. High Ltd. v.Cincinnati Ins. Co., 72 Ohio St.3d 423, 426, 1995-Ohio-85,650 N.E.2d 869.
 {¶ 8} In Kala v. Aluminum Smelting Ref. Co., 81 Ohio St. 3d 1;1998-Ohio-439; 688 N.E.2d 258; the court considered the issue of disqualification where one of the plaintiff's original attorneys left the firm representing plaintiff and joined the firm representing defendant. The Kala Court declined to hold that there is no way to overcome the appearance of impropriety in a "side-switching attorney" case. Rather, the Court held that in ruling on a motion for disqualification a court must hold an evidentiary hearing and issue findings of fact using a three-part analysis. The Court stated:
 {¶ 9} "Because a request for disqualification implies a charge of unethical conduct, the challenged firm must be given an opportunity to defend not only its relationship with the client, but also its good name, reputation and ethical standards." *Page 6 
 {¶ 10} The court then set forth the following test to be applied at the evidentiary hearing:
 {¶ 11} "(1) Is there a substantial relationship between the matter at issue and the matter of the former firm's prior representation;
 {¶ 12} "(2) If there is a substantial relationship between these matters, is the presumption of shared confidences within the former firm rebutted by evidence that the attorney had no personal contact with or knowledge of the related matter; and
 {¶ 13} "(3) If the attorney did have personal contact with or knowledge of the related matter, did the new law firm erect adequate and timely screens to rebut a presumption of shared confidences with the new firm so as to avoid imputed disqualification?"
 {¶ 14} Id. at syllabus.
 {¶ 15} The court reiterated the need for a hearing again in State v.Ross (In re Cirigliano), 105 Ohio St.3d 1223, 2004-Ohio-7352,826 N.E.2d 287 ("A hearing is indeed required when an attorney for a party to a case does not want to be disqualified or when an attorney's law firm wishes to continue representation despite that attorney's conflict of interest").
 {¶ 16} Counsel for Fletcher notes, however, that in Landzberg v. 10630Berea Rd., Inc., Cuyahoga App. No. 79574, 2002-Ohio-1086; this court determined that no evidentiary hearing was necessary in that conflict of interest case. Landzberg is distinguishable from this matter, however, as it was not a "side-switching" case; but *Page 7 
rather, involved DR 5-101 and 5-102, instances where the attorney may be called as a witness. See, also, Luce v. Alcox, Franklin App. 04AP-1250, 2005-Ohio-3373 ("There is nothing in Kala to suggest that an evidentiary hearing is required on all motions to disqualify counsel[;] [t]he only instance in which the Supreme Court of Ohio has held that an evidentiary hearing is required is when `ruling on a motion for disqualification of either an individual * * * or the entire firm * * * when an attorney has left a law firm and joined a firm representing the opposing party.'"); State v. Wiles (1998), 126 Ohio App.3d 71,709 N.E.2d 898; Majestic Steel Service, Inc. v. Disbato (Oct. 21, 1999), Cuyahoga App. No. 76540. In addition, in Landzberg, this Court noted that the trial court held two in chambers hearings on the motion, either of the two hearings on the motion to disqualify counsel therein qualified as a sufficient hearing, and no additional testimony at the motion hearing would have altered this conclusion by the trial court.
 {¶ 17} In accordance with all of the foregoing, we are compelled to conclude that a hearing was required in this matter. Because the motion to disqualify involved a claim of "side-switching," an evidentiary hearing was required under Kala v. Aluminum Smelting Ref. Co.
 {¶ 18} This cause is reversed and remanded for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees their costs herein. *Page 8 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., J., and MARY EILEEN KILBANE, J., CONCUR. *Page 1