[Cite as *WFG Natl. Title Ins. Co. v. Meehan*, 2018-Ohio-491.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105677**

# WFG NATIONAL TITLE INSURANCE COMPANY

PLAINTIFF-APPELLEE

vs.

# MICHAEL P. MEEHAN, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-836397

**BEFORE:** E.A. Gallagher, A.J., Keough, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** February 8, 2018

**ATTORNEY FOR APPELLANT**

Michael P. Meehan
3416 West 159th Street, Suite 100
Cleveland, Ohio 44111


**ATTORNEYS FOR APPELLEES**

**FOR WFG NATIONAL TITLE INSURANCE COMPANY**

Donald P. McFadden
Freedburg Law Firm
615 Clinton Lane
Highland Heights, Ohio 44143

Monica E. Russell
Critchfield Critchfield & Johnston, L.L.C.
4996 Foote Road
Medina, Ohio 44256


**FOR DONALD P. MCFADDEN AND MCFADDEN & FREEBURG CO., L.P.A.**

Maia E. Jerin
Alan M. Petrov
Monica A. Sansalone
Gallagher Sharp L.L.P.
1501 Euclid Avenue, Sixth Floor
Bulkley Building
Cleveland, Ohio 44115


**FOR JANELL DOWNING**

David A. Freeburg
6690 Beta Drive, Suite 320
Mayfield Village, Ohio 44143

Maia E. Jerin

1501 Euclid Avenue, 6th Floor
Cleveland, Ohio 44115

Monica E. Russell
4996 Foote Road
Medina, Ohio 44256

Donald McFadden
615 Clinton Lane
Highland Heights, Ohio 441143


**FOR 2711 MIDDLEBURG DRIVE, SUITE 113 COLUMBIA, SC 29204**

Donald P. McFadden
615 Clinton Lane
Highland Heights, Ohio 44143

Monica E. Russell
4996 Foote Road
Medina, Ohio 44143

David A. Freeburg
6690 Beta Drive, Suite 320
Mayfield Village, Ohio 44143

Maia E. Jerin
1501 Euclid Avenue, 6th Floor
Cleveland, Ohio 44115


**FOR CHARLES CAIN**

Monica E. Russell
4996 Foote Road
Medina, Ohio 44256

David A. Freeburg
6690 Beta Drive, Suite 320
Mayfield Village, Ohio 44143

**FOR JASON MAPP**

Monica E. Russell
4996 Foote Road
Medina, Ohio 44256

David A. Freeburg
6690 Beta Drive, Suite 320
Mayfield Village, Ohio 44143

**FOR JOE DRUM**

Monica E. Russell
4996 Foote Road
Medina, Ohio 44256

David A. Freeburg
6690 Beta Drive, Suite 320
Mayfield Village, Ohio 44143

**FOR GENE REBADOW**

Monica E. Russell
4996 Foote Road
Medina, Ohio 44256

David A. Freeburg
6690 Beta Drive, Suite 320
Mayfield Village, Ohio 44143

**FOR STEVE WINKLER**

Monica E. Russell
4996 Foote Road
Medina, Ohio 44256

**FOR EVERGREEN TITLE SERVICES L.T.D C/O MICHAEL P. MEEHAN**

Maia E. Jerin

1501 Euclid Avenue, 6th Floor
Cleveland, Ohio 44115

Anthony J. Amato
9861 Applewood Drive
North Royalton, Ohio 44133


**FOR GENMONCHA L.L.C.**

Eric M. Allain
28906 Lorain Road, Suite 101
North Olmsted, Ohio 44070


**FOR MICHAEL PATRICK MEEHAN**

Michael P. Meehan
3416 West 159th Street, Suite 100
Cleveland, Ohio 44111

EILEEN A. GALLAGHER, A.J.:

**{¶1}** Defendant-appellant Michael Meehan appeals the judgment of the Cuyahoga County Court of Common Pleas in this civil dispute between a title agent, his title agency, the insurance company with whom they had a contractual relationship, various employees of the insurance company and the insurance company's attorney. For the following reasons, we affirm.

**Facts and Procedural History**

**{¶2}** In February 2012, Meehan, an Ohio attorney and his title agency, Evergreen Title Services, L.L.C. ("Evergreen") entered into an agency agreement with WFG National Title Insurance Company ("WFG") whereby Evergreen was authorized to sell insurance products underwritten by WFG.

**{¶3}** Disputes between Evergreen and WFG over an audit and the remittance of premiums resulted in a meeting on August 13, 2013, during which WFG asked Meehan to sign a mutual termination agreement. Meehan refused to sign the agreement and WFG employees averred that Meehan was informed during the meeting that WFG was terminating the agency agreement effective September 30, 2013. An email from Meehan to WFG dated August 21, 2013 acknowledged Meehan's understanding that he had until September 30, 2013 to issue closing protection letters ("CPLs") and policies. Meehan, however, continued to issue CPLs and policies after that date until he received a summary termination notice from WFG on October 14, 2014. During this time Meehan collected insurance premiums related to said CPLs and policies but did not remit them to WFG. Instead Meehan maintained the premiums in escrow in an IOTA account. WFG

alleged that it learned in October 2014 that Meehan and Evergreen had continued to sell WFG policies and CPLs without its knowledge after September 30, 2013.

{¶4} WFG filed a complaint against Meehan and Evergreen on November 24, 2014 alleging breach of contract, breach of fiduciary duty, theft, civil conspiracy, a pattern of corrupt activity in violation of R.C. 2923.32, negligence, fraud and a claim for accounting.[1] WFG also sought to pierce the corporate veil of Evergreen alleging that Meehan exercised complete control over Evergreen to commit the alleged acts.

{¶5} Meehan filed an answer along with counterclaims against WFG and third-party complaints against various WFG employees, WFG's attorney, Donald McFadden and the law firm of McFadden & Freeburg Co., L.P.A. Meehan raised claims of defamation, falsification, obstruction of official business, tortious interference with business relations, breach of contract, civil conspiracy, engaging in a pattern of corrupt activity, respondeat superior and an action for declaratory judgment. Evergreen failed to respond to the complaint and default judgment on WFG's claims against it was granted on August 4, 2015.

{¶6} WFG filed a motion to dismiss Meehan's counterclaims and third- party complaint that the trial court granted, in part, and denied, in part. The trial court construed Meehan's third-party complaint as a counterclaim against new parties pursuant to Civ.R. 13(H). Meehan's defamation counterclaim was dismissed as to all parties

---

[1] The claims for breach of contract, breach of fiduciary duty and accounting pertained only to Evergreen.

regarding statements made to the Ohio Department of Insurance ("ODI") and the Supreme Court of Ohio's Office of Disciplinary Counsel ("ODC"). Meehan's falsification and obstruction of official business counterclaims were dismissed in their entirety and his civil conspiracy counterclaim was dismissed in part.

{¶7} WFG's claims for negligence and fraud/forgery were stricken from the complaint on WFG's motion. All remaining claims were resolved on summary judgment. The trial court granted summary judgment in favor of WFG on its claims for theft, civil conspiracy, pattern of corrupt activity and piercing the corporate veil against Meehan. The trial court granted summary judgment in favor of WFG and the WFG employees named as counterclaim defendants on Meehan's counterclaims for defamation, tortious interference with business relations, breach of contract, civil conspiracy, engaging in a pattern of corrupt activity, respondeat superior and declaratory judgment. Finally, the trial court granted summary judgment in favor of McFadden and McFadden & Freeburg Co., L.P.A. on Meehan's remaining counterclaims against them.

## I. The Motion to Dismiss

{¶8} In his first assignment of error, Meehan argues that the trial court erred in granting, in part, the motion to dismiss a number of his claims against appellees.

{¶9} We begin by noting that Meehan's argument for reversal under this assignment of error addresses only his dismissed defamation claims. Meehan has failed to support his broad assertion that the trial court erred in granting the motion to dismiss as

to any of his other claims with cognizable arguments pertaining to the legal issues raised in the motion to dismiss or appropriate citations to authority and the record as required by App.R. 16(A)(7). Therefore, we decline to address the dismissed claims for which Meehan has failed to offer an argument in support of reversal.

{¶10} A review of the pleadings reveals that Meehan's defamation claim is very limited. The only alleged defamatory statement made by WFG and McFadden to ODI and ODC is that "Meehan stole escrowed funds that belonged to [WG]." Meehan further explained that the basis for the counterclaim was an admission made to him by McFadden that McFadden had called state investigators on Meehan.[2]

{¶11} The parties agree that, in the absence of actual malice, a qualified immunity exists under R.C. 3905.211 for statements required to be made by insurers or their agents to the ODI pertaining to the termination of an insurance agent under R.C. 3905.21(A) and information relating to such terminations. *See* R.C. 3905.21; R.C. 3905.14(B)(4). The parties also agree that the provisions of R.C. 3905.211 as to qualified immunity is applicable to appellees in the present instance. The sole dispute is whether Meehan complied with the mandates of R.C. 3905.211(B) to defeat the qualified privilege at the pleading stage.

{¶12} Pursuant to R.C. 3905.211(B) in an action where qualified immunity under section (A) may apply, "the party bringing the action shall plead specifically in any

---

[2] There is no specific claim that McFadden made any defamatory statements to ODI or ODC relating to the date of Meehan and Evergreen's termination.

allegation that division (A) of this section does not apply because the person making the statement or providing the information did so with malice." Based on this clear language it is insufficient to defeat the immunity provided under R.C. 3905.211(A) with a mere claim of malice. Instead, the complaint must specifically address R.C. 3905.211(A) and assert that it is inapplicable due to such malice.

{¶13} In this instance, Meehan did not use the term malice in his defamation complaint. This could be excused, however, due to the fact that Meehan specifically plead language mirroring the definition of malice within the context of qualified privilege as set forth by the Ohio Supreme Court in *Jacobs v. Frank*, 60 Ohio St.3d 111, 573 N.E.2d 609 (1991), paragraph two of the syllabus. *See, e.g., Mangelluzzi v. Morley*, 8th.Dist, 2015-Ohio-3143, 40 N.E.3d 588. However, Meehan failed to comply with the plain language of R.C. 3905.211(B) by failing to specifically address R.C. 3905.211(A) in the pleadings and aver that it did not apply in this case. Due to Meehan's failure to conform to the strict requirements of R.C. 3905.211(B) we find no error in the trial court's dismissal of his defamation claim pertaining to statements made to the ODI.

{¶14} We similarly find no error in the trial court's dismissal of Meehan's defamation claim pertaining to statements made to ODC alleging the theft of escrow funds by Meehan. The Ohio Supreme Court established in *Hecht v. Levin*, 66 Ohio St.3d 458, 1993-Ohio-110, 613 N.E.2d 585, that a statement made in a "judicial proceeding enjoys an absolute privilege against a defamation action as long as the

allegedly defamatory statement is reasonably related to the proceeding in which it appears." *Id*. at 460. The court further explained that all matters relating to the discipline of attorneys are inherently judicial in nature and established the absolute privilege for reporting attorney misconduct after a careful examination of the relevant competing concerns. *Id*. at 461-462. The absolute privilege or "immunity" for statements made in a judicial proceeding extends to every step in the proceeding, from beginning to end. *M.J. DiCorpo, Inc. v. Sweeney*, 69 Ohio St.3d 497, 506, 634 N.E.2d 203 (1994).

{¶15} Meehan's first assignment of error is overruled.


## II. Motions to Compel

{¶16} In his second assignment of error, Meehan argues that the trial court erred in denying two motions to compel that he filed well after the close of discovery.

{¶17} The record reflects that the trial court set a fact discovery deadline of October 30, 2015. Two extensions to the deadline were granted extending the discovery cut off to January 31, 2016. The trial court also set a dispositive motion deadline of March 18, 2016. 43 days after the discovery deadline had passed and three days prior to the dispositive motion deadline Meehan filed a motion for extension of discovery. The trial court denied Meehan's motion, the appellees and third-party defendants filed motions for summary judgment and Meehan filed a brief in opposition to summary judgment. On April 27, 2016, more than 40 days after the summary judgment motions had been filed and 87 days after the close of discovery, Meehan filed his first motion to

compel discovery. The trial court denied the motion on May 2, 2016 in the same entry that it granted summary judgment in favor of appellees and the third-party defendants on many of the outstanding claims. Meehan filed a second motion to compel along with a motion for relief from judgment on June 21, 2016. The trial court denied Meehan's motion on July 7, 2016.

{¶18} It is well established that a trial court enjoys considerable discretion in the regulation of discovery proceedings. *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 295 N.E.2d 659 (1973); *Clark Cty. Solid Waste Mgt. Dist. v. Danis Clark Co. Landfill Co.*, 109 Ohio App.3d 19, 38, 671 N.E.2d 1034 (2d Dist. 1996). Furthermore, a judgment preventing the requesting party from pursuing discovery will not be reversed unless the ruling causes substantial prejudice. *Shaver v. Standard Oil Co.*, 68 Ohio App. 3d 783, 800, 589 N.E.2d 1348 (1990).

{¶19} We note that Meehan failed to seek discovery relief pursuant to Civ.R. 56(F) in his brief in opposition to the outstanding motions for summary judgment. If an opposing party requires additional time to produce facts essential to the opposition motion, the party may seek a continuance under Civ.R. 56(F). *Roush v. Butera*, 8th Dist. Cuyahoga No. 97463, 2012-Ohio-2506, ¶ 36. A party who fails to seek relief under Civ.R. 56(F) in the trial court fails to preserve the issue on appeal. *Id.*, citing *Jackson v. Walker*, 9th Dist. Summit County No. 22996, 2006-Ohio-4351, ¶ 17.

{¶20} Civ.R. 37 motions "filed after a discovery deadline are tardy." *Huntington Natl. Bank v. Dixon*, 8th Dist. Cuyahoga No. 101273, 2015-Ohio-1735, ¶ 24 quoting *State*

*ex rel. Rhodes v. Chillicothe*, 4th Dist. Ross No. 12CA3333, 2013-Ohio-1858, ¶ 22; *Steele v. Mara Ents., Inc.*, 10th Dist. Franklin No. 09AP-102, 2009-Ohio-5716, ¶ 33. Meehan completely failed to address his noncompliance with the trial court's discovery deadlines in his arguments to this court. We cannot say the trial court's refusal to allow additional discovery constituted an abuse of discretion and substantially prejudiced Meehan when he had ample time to file his motions to compel within the time frame the trial court set for discovery.

**{¶21}** Meehan's second assignment of error is overruled.

**III. Disqualification of Counsel**

**{¶22}** In his third assignment of error, Meehan argues that the trial court erred in denying his motion to disqualify attorneys from the law firm of McFadden & Freeburg Co., L.P.A. from representing WFG and attorneys from the law firm of Gallagher Sharp from representing McFadden.

**{¶23}** A trial court has wide discretion in the consideration of a motion to disqualify counsel. *Quiros v. Morales*, 8th Dist. Cuyahoga No. 894274, 2007-Ohio-5442, ¶ 14, citing *Spivey v. Bender*, 77 Ohio App.3d 17, 601 N.E.2d 56 (6th Dist.1991). When reviewing a decision of the trial court to disqualify counsel, we apply an abuse of discretion standard. *Id.*, citing *Mentor Lagoons, Inc. v. Teague*, 71 Ohio App.3d 719, 724, 595 N.E.2d 392 (11th Dist.1991). An abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶24}** Disqualification of an attorney is a drastic measure, which should not be imposed unless absolutely necessary. It is the burden of the party moving for disqualification of an attorney to demonstrate that the proposed testimony may be prejudicial to that attorney's client and that disqualification is necessary. *Mentor Lagoons* at 724. "While motions to disqualify may be legitimate and necessary under certain circumstances, they '"should be viewed with extreme caution for they can be misused as techniques of harassment."'" *Lytle v. Mathew*, 8th Dist. Cuyahoga No. 104622, 2017-Ohio-1447, ¶ 13, quoting *SST Castings, Inc. v. Amana Appliances*, Inc., 250 F.Supp.2d 863, 865-866 (S.D.Ohio 2002).

**{¶25}** Meehan first argues that McFadden and the attorneys from his law firm should have been disqualified due to a conflict of interest. Ohio has adopted the three-part test for disqualification of counsel due to a conflict of interest set forth in *Dana Corp. v. Blue Cross & Blue Shield Mut.*, 900 F.2d 882 (6th Cir.1990). The test is as follows: (1) a past attorney-client relationship must have existed between the party seeking disqualification and the attorney he or she wishes to disqualify; (2) the subject matter of the past relationship must have been substantially related to the present case; and (3) the attorney must have acquired confidential information from the party seeking disqualification. *Wynveen v. Corsaro*, 8th Dist. Cuyahoga No. 105538, 2017-Ohio-9170, ¶ 18, citing *Stanley v. Bobeck*, 8th Dist. Cuyahoga No. 92630, 2009-Ohio-5696, ¶ 13. If a party moving to disqualify an attorney cannot meet the first

prong of the *Dana* test, that party lacks standing to seek the disqualification. *Bobeck* at ¶ 13.

{¶26} Here, Meehan's conflict of interest argument fails because he does not satisfy the first prong of the *Dana* test and, therefore, lacked standing to move for McFadden's disqualification on such grounds.

{¶27} Meehan next argues that attorneys from McFadden & Freeburg Co., L.P.A. should have been disqualified as necessary witnesses under Prof.Cond.R. 3.7 that provides:

> A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case;
>
> (3) the disqualification of the lawyer would work substantial hardship on the client.

{¶28} The official comments to the rule states, in relevant part, that:

> [4] (a)(3) recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party. Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client.

**{¶29}** In *Gonzalez-Estrada v. Glancy*, 8th Dist. Cuyahoga No. 104570, 2017-Ohio-538, ¶ 12, we defined a necessary witness under Prof.Cond.R. 3.7 as one whose testimony must be admissible and unobtainable through other trial witnesses.

> Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence. * * * A party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony.

*Id*., quoting *Akron v. Carter*, 190 Ohio App.3d 420, 2010-Ohio-5462, 942 N.E.2d 409, ¶ 19 (9th Dist.).

**{¶30}** The basis for Meehan's argument that the attorneys for McFadden & Freeburg should be disqualified under Prof.Cond.R. 3.7 is that his claims for civil conspiracy, engaging in a pattern of corrupt activity and respondeat superior against McFadden survived a motion to dismiss and, therefore, are "prima facie" evidence of wrongdoing. However, Meehan's motion completely fails to offer the trial court the opportunity to examine the relevant testimony of the McFadden & Freeburg attorneys because he failed to fully explore the matter during the relevant discovery time period. Meehan complains that the attorneys for McFadden & Freeburg invoked the attorney-client privilege and the work-product doctrine during discovery. However, Meehan failed to properly challenge these responses with a timely motion to compel. In fact, Meehan had still not filed a motion to compel at the time that he moved for the disqualification of McFadden & Freeburg. Meehan also stated in his motion that he sought the deposition of McFadden and that McFadden agreed to appear. However,

Meehan failed to pursue the deposition because it would be a "colossal waste of time" in light of his anticipation that McFadden would invoke the attorney-client privilege and the work-product doctrine. Again, Meehan failed to properly seek a judicial resolution of this discovery dispute prior to the close of discovery as set forth by the trial court. No explanation for this failure is provided.

{¶31} Because Meehan has offered little more than unsupported allegations, his intent to seek untimely discovery and his intent to call the attorneys for McFadden & Freeburg at trial, we cannot say that he met his burden before the trial court. We find no abuse of discretion in this instance.

{¶32} We also note that the trial court was not obligated to hold a hearing on Meehan's motion to disqualify or provide findings of fact. Meehan relies upon *Kala v. Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1, 688 N.E.2d 258 (1998), for his argument. However, in *Majestic Steel Serv. v. DiSabato*, 8th Dist. Cuyahoga No. 76540, 1999 Ohio App. LEXIS 4919 (Oct. 21, 1999), we rejected the expansion Meehan seeks of the hearing requirement in *Kala* to instances other than the "side-switching" specifically addressed in that case.

> There is nothing in *Kala* to suggest that an evidentiary hearing is required on all motions to disqualify counsel[;] [t]he only instance in which the Supreme Court of Ohio has held that an evidentiary hearing is required is when ruling on a motion for disqualification of either an individual * * * or the entire firm * * * when an attorney has left a law firm and joined a firm representing the opposing party.

*Fletcher v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 89279, 2007-Ohio-5338, ¶ 16, quoting *Luce v. Alcox*, 10th Dist. Franklin No. 04AP-1250, 2005-Ohio-3373, ¶ 6.

**{¶33}** Meehan's third assignment of error is overruled.

**IV. Withdrawal of Admissions**

**{¶34}** In his fourth assignment of error, Meehan argues that the trial court abused its discretion in refusing the withdrawal of admissions deemed admitted pursuant to Civ.R. 36(A)(1).

**{¶35}** The record reflects that WFG served requests for admissions upon both Meehan and Evergreen on December 22, 2014. The requests provided a response time of 28 days in conformance with Civ.R. 36(A)(1). Meehan does not dispute that he failed to respond to the admissions within the relevant time period. In fact, Meehan admits he did not respond until 112 days later, on April 13, 2015. Meehan offers no explanation for his untimely responses.

**{¶36}** It is well settled in Ohio that in accordance with Civ.R. 36(A), "the matter set forth in the requests for admissions is deemed admitted if they are not answered within rule." *Bank of N.Y. v. Jordan*, 8th Dist. Cuyahoga No. 88619, 2007-Ohio-4293, ¶ 34, quoting *Beechwoods, Inc. v. Hosfelt*, 10th Dist. Franklin No. 79AP-117, 1979 Ohio App. LEXIS 12493 (Oct. 9, 1979). Thus, where a party fails to timely respond to the request for admissions, those admissions become fact. *Smallwood v. Shiflet*, 8th Dist. Cuyahoga No. 103853, 2016-Ohio-7887, ¶ 18. It is equally settled law that a motion for summary

judgment may be based upon the admitted matter. *Jordan*. "[W]here a party files a written request for admission, a failure of the opposing party to timely answer the request constitutes a conclusive admission pursuant to Civ.R. 56(C) in case of a summary judgment." *Klesch v. Reid*, 95 Ohio App.3d 664, 674, 643 N.E.2d 571 (8th Dist.1994).

**{¶37}** A trial court may permit withdrawal or amendment of admissions under certain circumstances:

> Subject to the provisions of Rule 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits.

Civ.R. 36(B); *Jade Sterling Steel Co. v. Stacey*, 8th Dist. Cuyahoga No. 88283, 2007-Ohio-532, ¶ 11.

**{¶38}** Civ.R. 36(B) does not require a written motion be filed, nor does it provide a time when a motion must be filed; rather, such matter is left to the discretion of the trial court. *Jade Sterling Steel Co.*, citing *Balson v. Dodds*, 62 Ohio St.2d 287, 291, 405 N.E.2d 293 (1980). Contesting the admissions in a motion for summary judgment satisfies the requirements of the rule. *Id.* It is within the trial court's discretion whether it will permit or deny the withdrawal or amendment of admissions. *Jade Sterling Steel Co.* at ¶ 12. Likewise, it is within the court's discretion whether to accept the filing of late responses to a request for admissions. *Bayview Loan Servicing, L.L.C. v. St. Cyr*, 8th Dist. Cuyahoga No. 104655, 2017-Ohio-2758, ¶ 12. The clear language of the rule does not require the trial court to withdraw or amend the admission even if the test for allowing

withdrawal or amendment is shown. *Summers v. E. Cleveland*, 8th Dist. Cuyahoga No. 98277, 2013-Ohio-1339, ¶ 13.

{¶39} Here, there is no dispute that Meehan blatantly ignored the relevant response time for the request for admissions, failed to move to withdraw the admissions and has offered no explanation for his noncompliance with Civ.R. 36. Under these facts we cannot say that the trial court abused its discretion by failing to sua sponte construe the arguments in his brief in opposition to summary judgment as a motion to withdraw admissions and failing to grant the same. *See, e.g., U.S. Bank, N.A. v. Koodrich*, 8th Dist. Cuyahoga No. 103802, 2017-Ohio-956, ¶ 20-21 (finding no abuse of discretion where a trial court refused to grant a motion to withdraw admissions where the moving party offered no explanation for its failure to comply with discovery deadlines.).

**V. Default Judgment Against Evergreen**

{¶40} In his fifth assignment of error, Meehan argues that the trial court erred in granting default judgment against Evergreen. However, the record reflects that Evergreen did not file a notice of appeal in this instance and is a not a party to the present appeal. Meehan has cited no authority to establish standing on his part to challenge the default judgment against Evergreen. Furthermore, even if Evergreen had properly appealed the default judgment order, the record supports the trial court's conclusion that Evergreen failed to file a responsive pleading to the complaint. We find no merit in Meehan's argument that he assigned Evergreen's liability in this dispute to himself and, therefore, his answer should be construed as an answer on behalf of Evergreen. First,

Meehan fails to cite any authority to support his ability to effectuate such an assignment and secondly, Meehan's purported assignment device addresses only Evergreen's potential causes of action against third parties and completely omits any mention of liability.

{¶41} Meehan further argues that the trial court erred in holding him personally liable for the judgment against Evergreen under the piercing the corporate veil doctrine. Because this issue was resolved by the trial court on summary judgment we address it with Meehan's other summary judgment related arguments below.

{¶42} Meehan's fifth assignment of error is overruled.

**VI. Summary Judgment**

{¶43} In his sixth assignment of error, Meehan argues that the trial court erred in granting summary judgment in favor of appellees.

{¶44} Our review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 1998-Ohio-389, 696 N.E.2d 201. The party moving for summary judgment

bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.

{¶45} Rather than addressing the propriety of granting summary judgment on any of the outstanding claims in particular, Meehan argues that five specific questions of material fact are outstanding and preclude summary judgment in this case. The five claimed factual disputes are (1) the date the agency agreement between WFG and Meehan was terminated, (2) whether Meehan breached the agency agreement by failing to notify WFG of an ODI investigation, (3) whether Meehan stole insurance premiums from WFG, (4) whether Meehan committed forgery and (5) which party breached the agency agreement. However, Meehan's effort to establish the existence of a genuine issue of material fact is again hamstrung by his failure to comply with the discovery process below.

{¶46} Civ.R. 36(B) provides:

(B) Effect of admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.

{¶47} In this instance, each of the purported genuine issues of material fact proffered by Meehan were conclusively resolved in favor of the appellees by the admissions addressed in the fourth assignment of error. An admission that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by the trial court simply because it finds the evidence presented by the party against whom the

admission operates more credible. *Smallwood v. Shiflet*, 8th Dist. Cuyahoga No. 103853, 2016-Ohio-7887, ¶ 22, citing *Am. Auto. Assn. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir.1991). Each of the claimed genuine issues of material fact were precluded by admissions made as a result of Meehan's failure to comply with Civ.R. 36(A) and conclusively established in favor of appellees.

{¶48} Finally, Meehan argues that the trial court erred in granting summary judgment on WFG's piercing the corporate veil claim. The current test for piercing the corporate veil in Ohio provides that the corporate form may be disregarded and individual shareholders held liable for wrongs committed by the corporation when:

> (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own,
>
> (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud, an illegal act, or a similarly unlawful conduct or an illegal act against the person seeking to disregard the corporate entity, and
>
> (3) injury or unjust loss resulted to the plaintiff from such control and
>
> wrong.

*Meinert Plumbing v. Warner Indus.*, 8th Dist. Cuyahoga No. 104817, 2017-Ohio-8863, ¶ 43, citing *Dombroski v. WellPoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538.

{¶49} Again, Meehan's arguments that summary judgment was improper are defeated by his admissions that included that (1) he "exercised control over Evergreen in a manner which was so complete that Evergreen did not have a separate mind, will or

existence of its own" and (2) he "used control over Evergreen in order to commit theft, forgery, fraud and other illegal acts against WFG."

{¶50} Finding no merit to Meehan's argument that genuine issues of material fact precluded summary judgment, we overrule his sixth assignment of error.

### VII. Civ.R. 60(B) Motion

{¶51} In his final assignment of error, Meehan argues that the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment without holding an evidentiary hearing. We review a trial court's decision to grant or deny a Civ.R. 60(B) motion for an abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶52} In order to prevail on a Civ.R. 60(B) motion to vacate judgment, the moving party must demonstrate the following: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B) that include, inter alia, "mistake, inadvertence, surprise or excusable neglect," and "any other reason justifying relief from the judgment"; and (3) the motion is made within a reasonable time and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶53} The moving party "has the burden of proof, [and] must present sufficient factual information to warrant a hearing on the motion." *Adomeit v. Baltimore*, 39 Ohio

App.2d 97, 103, 316 N.E.2d 469 (8th Dist.1974). The evidentiary materials must present operative facts and not mere general allegations to justify relief. *Hornyak v. Brooks*, 16 Ohio App.3d 105, 106, 474 N.E.2d 676 (8th Dist.1984). If the movant has a meritorious defense, then doubt, if any, should be resolved in favor of the motion to set aside the judgment so that the case may be decided on its merits. *GTE*, at paragraph three of the syllabus.

**{¶54}** Meehan filed his motion for relief from judgment on June 21, 2016 following the trial court's grant of summary judgment against him on May 2, 2016. However, the trial court's May 2, 2016 journal entry was not a final order under Civ.R. 54(B) because, by its own terms, it did not dispose of all claims against all parties. Additionally, the journal entry did not contain "no just reason for delay" language pursuant to Civ.R. 54(B). In fact, this court dismissed a prior appeal in this case on February 1, 2017 due to the lack of a final appealable order. The trial court had no authority to grant relief from a nonfinal judgment or order because Civ.R. 60(B), by its own terms, applies only to a "final judgment, order, or proceeding[.]" *See, e.g., Harper v. Metrohealth Med. Ctr.*, 8th Dist. Cuyahoga No. 81048, 2002-Ohio-5861, ¶ 5 (finding that a trial court could not grant relief pursuant to Civ.R. 60(B) where summary judgment did not dispose of all claims and Civ.R. 54(B) language was not used).

**{¶55}** Meehan offers no argument addressing the above defect in his Civ.R. 60(B) motion. We find no abuse of discretion in the trial court's decision to deny the motion.

**{¶56}** Meehan's seventh assignment of error is overruled.

**{¶57}** The judgment of the trial court is affirmed.

It is ordered that appellees recover from appellants the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR