[Cite as *N. Coast Commercial Roofing Sys. v. MGM, Inc.*, 2018-Ohio-4705.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106800**

---

**NORTH COAST COMMERCIAL
ROOFING SYSTEMS**

PLAINTIFF-APPELLEE

vs.

**MGM, INC., ET AL.**

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-876045

**BEFORE:** McCormack, P.J., E.T. Gallagher, J., and Jones, J.

**RELEASED AND JOURNALIZED:** November 21, 2018

**ATTORNEY FOR APPELLANTS**

John K. Lind
3185 Belvoir Blvd.
Shaker Heights, OH 44122


**ATTORNEY FOR APPELLEE**

Kevin L. String
Kevin L. String Co. L.P.A.
68 Olive Street, Suite 6
Chagrin Falls, OH 44022


TIM McCORMACK, P.J.:

{¶1} Defendants-appellants MGM, Inc. ("MGM") and Michael Lyon appeal from the trial court's summary judgment in favor of plaintiff-appellee North Coast Commercial Roofing Systems ("North Coast"). For the following reasons, we affirm.

{¶2} On February 16, 2017, North Coast filed a complaint against MGM for $30,225.55 for the balance due on its account for goods provided at MGM's request. The complaint also alleged that Michael Lyon personally guaranteed payment of the account and that MGM had been unjustly enriched at North Coast's expense.

{¶3} MGM was served with the complaint on February 17, 2017, yet failed to timely answer the complaint. On March 31, 2017, North Coast filed a motion for default judgment. On April 28, 2017, MGM filed a motion for leave to file an answer instanter, which the trial court granted. Then on May 2, 2017, the court denied North Coast's motion for default judgment. The court scheduled a case management conference for May 11, 2017, wherein the

court scheduled a discovery deadline of August 11, 2017. The parties agreed to refer the matter to mediation.

**{¶4}** On May 22, 2017, North Coast served upon MGM its request for admissions, along with other discovery requests. On June 20, 2017, MGM requested an additional 30 days in which to respond to North Coast's discovery requests, which the trial court granted.

**{¶5}** On September 15, 2017, a reportedly unsuccessful mediation hearing was held.

**{¶6}** On October 2, 2017, North Coast filed a motion for summary judgment, stating that there were no issues of material fact to be decided in the matter and North Coast was therefore entitled to judgment as a matter of law. In support of its motion, North Coast asserted that by failing to respond to North Coast's request for admissions, MGM admitted the following: (1) all merchandise had been provided as requested (Admission No. 2); (2) the supply agreement and personal guaranty signed by Lyon were true and accurate copies (Admission No. 3); (3) MGM was indebted to North Coast for $30,225.55 (Admission Nos. 1 and 4).

**{¶7}** On November 10, 2017, MGM filed a motion to withdraw the deemed admissions. In this motion, MGM responded for the first time to North Coast's request for admissions that were served upon MGM in May. MGM contended in its motion that the matters addressed in the admissions were "debunked in detail at the mediation." Then on November 13, 2017, MGM filed its brief in opposition to North Coast's summary judgment, stating that Lyon did not sign the personal guaranty, North Coast supplied nonconforming materials, and North Coast billed for materials at incorrect rates.

**{¶8}** On January 11, 2018, the trial court denied MGM's motion to vacate the deemed admissions and granted North Coast's motion for summary judgment. In denying MGM's

motion to vacate the deemed admissions, the trial court found MGM's actions in the matter troubling, as well as prejudicial to North Coast:

> This court is disturbed by Defendants' disregard for deadlines and scheduled dates in this matter. The first written responses were submitted four (4) months after the leave granted by Plaintiff. Even if Defendants discussed answers at the September mediation, the mediation occurred two (2) months after the response deadline. All of this occurred after the August 11th discovery cut-off had long past. Only after Plaintiff filed the motion for summary judgment based on Defendants' admissions did Defendants properly respond, by rule, in writing. This tardiness is compounded by Defendants' initial failure to answer timely and their non-appearance at the final pretrial.

> * * *

> Further, due to the tardiness of the admissions (most notably submission after the discovery and dispositive motion deadlines) and the looming trial date, the court finds that withdrawal or amendment would prejudice the Plaintiff.

{¶9} In considering the motion for summary judgment, the trial court found that by failing to respond to the admissions and therefore admitting those requests, MGM conceded that all merchandise had been provided as requested, the supply agreement and personal guaranty signed by Lyon were true and accurate copies, and MGM was indebted to North Coast for $30,225.55. The trial court found that Lyon's "self-serving affidavit, nearly undecipherable text messages, and a list of 'marked' invoices" did not create a genuine issue of material fact, and therefore, North Coast was entitled to summary judgment as a matter of law.

{¶10} MGM now appeals the court's decision, assigning three errors for our review, which we will address together:

> I. The trial court committed reversible error by granting a motion for summary judgment upon consideration of evidence: (1) not admissible under Civ.R. 56(C); and (2) privileged by its terms and under the rules governing mediation;

> II. The trial court committed reversible error by discrediting the verified and sworn statements of a party in favor of an unsigned mediation statement; and

III. The trial court committed reversible error by failing to substantively evaluate the factor of the two-prong test expressed in Civ.R. 36(B).

{¶11} MGM essentially contends that the trial court erred in denying its motion to vacate the deemed admissions and in granting North Coast's motion for summary judgment, because North Coast improperly relied upon a confidential mediation statement in support of its motion and the trial court, in turn, improperly relied on this same statement, rather than Lyon's sworn statement. Additionally, MGM argues that the trial court did not properly consider Civ.R. 36(B).

{¶12} It is well settled in Ohio that in accordance with Civ.R. 36(A), "'the matter set forth in the requests for admissions is deemed admitted if they are not answered within rule.'" *Bank of N.Y. v. Jordan*, 8th Dist. Cuyahoga No. 88619, 2007-Ohio-4293, ¶ 34, quoting *Beechwoods, Inc. v. Hosfelt*, 10th Dist. Franklin No. 79AP-117, 1979 Ohio App. LEXIS 12493 (Oct. 9, 1979). Thus, where a party fails to timely respond to the request for admissions, those admissions become fact. *Smallwood v. Shiflet*, 8th Dist. Cuyahoga No. 103853, 2016-Ohio-7887, ¶ 18. It is equally settled law that a motion for summary judgment may be based upon the admitted matter. *Jordan*. "[W]here a party files a written request for admission, a failure of the opposing party to timely answer the request constitutes a conclusive admission pursuant to Civ.R. 56(C) in case of a summary judgment." *Klesch v. Reid*, 95 Ohio App.3d 664, 674, 643 N.E.2d 571 (8th Dist.1994).

{¶13} Under certain circumstances, however, the trial court may permit withdrawal or amendment of admissions:

> Subject to the provisions of Rule 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission

fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits.

Civ.R. 36(B); *Jade Sterling Steel Co. v. Stacey*, 8th Dist. Cuyahoga No. 88283, 2007-Ohio-532, ¶ 11.

{¶14} Therefore, under Civ.R. 36(B), the court may permit withdrawal where allowing withdrawal "'will aid in presenting the merits of the case and the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action.'"

*6750 BMS, L.L.C. v. Drentlau*, 2016-Ohio-1385, 62 N.E.3d 928, ¶ 14 (8th Dist.), quoting *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67, 485 N.E.2d 1052 (1985). It is within the trial court's discretion whether it will permit or deny the withdrawal or amendment of admissions. *6750 BMS, L.L.C.* Likewise, it is within the court's discretion whether to accept the filing of late responses to a request for admissions. *Id.* "The clear language of the rule does not require the trial court to withdraw or amend the admission even if the test for allowing withdrawal or amendment is shown." *WFG Natl. Title Ins. Co. v. Meehan*, 8th Dist. Cuyahoga No. 105677, 2018-Ohio-491, ¶ 38, citing *Sylvester Summers, Jr. Co., L.P.A. v. E. Cleveland*, 8th Dist. Cuyahoga No. 98277, 2013-Ohio-1339, ¶ 13.

{¶15} Here, the record shows that MGM's response to North Coast's request for admissions in May was untimely. In June, MGM requested an additional 30 days in which to respond to North Coast's discovery requests, which the trial court granted. However, MGM failed to provide a response to the request for admissions until November, approximately five months after the request was made, when it filed its motion to vacate the deemed admissions. In its motion to vacate the deemed admissions, MGM offered no explanation for the untimely

response. Rather, it asserted that the substance of the admissions was addressed at the mediation.

{¶16} In denying MGM's motion to vacate, the trial court noted MGM's general disregard for the court's orders and deadlines, including its failure to timely answer the complaint, thus prompting North Coast to file a motion for default judgment; its failure to timely provide discovery responses; and its failure to appear at the final pretrial. Regarding MGM's explanation that the parties "discussed" the admissions at the mediation, the court stated that even if MGM addressed its answers at the mediation, the mediation occurred two months after the response deadline, and "[o]nly after [Northcoast] filed the motion for summary judgment based on [MGM's] admissions did MGM properly respond, by rule, in writing." Finally, the trial court determined that withdrawal or amendment of the admissions would prejudice North Coast. Pursuant to Civ.R. 36(B), the trial court has complete discretion to permit withdrawal of deemed admissions or accept late responses to a request for admissions, and under these facts, we cannot find that the trial court abused its discretion in denying MGM's motion to vacate its deemed admissions.

{¶17} Summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Civ.R. 56(C); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). In a motion for summary judgment, the moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

**{¶18}** As previously discussed, the failure of the opposing party to timely answer a request for admission constitutes a conclusive admission for purposes of summary judgment. *Klesch*, 95 Ohio App.3d at 674, 643 N.E.2d 571. And a party cannot escape from the admissions he previously made during discovery, where those admissions were not withdrawn or amended, by simply providing contrary testimony in opposition to summary judgment. *Meehan*, 8th Dist. Cuyahoga No. 105677, 2018-Ohio-491, at ¶ 47; *see also Smallwood,* 8th Dist. Cuyahoga No. 103853, 2016-Ohio-7887, at ¶ 22; *Johnson v. Cleveland Metro. Gen. Hosp.*, 8th Dist. Cuyahoga No. 55986, 1989 Ohio App. LEXIS 5243, 7-8 (Nov. 22, 1989) (absent any objection or withdrawal of an admission, the admitting party cannot contradict at trial the admission previously made); *Am. Auto. Assn. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir.1991) (discussing Fed.R.Civ.P. 36, an admission that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by the trial court simply because it finds the evidence presented by the party against whom the admission operates more credible).

**{¶19}** Here, each of the purported genuine issues of material fact proffered by MGM — Lyon did not sign the personal guaranty, North Coast supplied nonconforming materials, and North Coast billed for materials at incorrect rates — were conclusively resolved in favor of North Coast by the admissions deemed admitted when MGM failed to timely respond or object to the admissions. Through Admission Nos. 1 to 4, MGM conceded that all merchandise had been provided as requested, the supply agreement and personal guaranty signed by Lyon were true and accurate copies, and MGM was indebted to North Coast for $30,225.55. MGM cannot now contradict these admissions with a self-serving affidavit at the summary judgment stage of the proceedings in an attempt to create a genuine issue of material fact. *Meehan* at ¶ 47.

{¶20} MGM alleges that North Coast knowingly utilized a confidential premediation summary form in support of its summary judgment motion and the court improperly relied upon this statement in rendering its decision. We find no evidence, however, that the trial court in fact relied upon MGM's mediation statement. Rather, the record shows that the trial court based its decision to deny MGM's motion to vacate the deemed admissions upon MGM's "disregard for deadlines and scheduled dates," including its failure to timely answer the complaint, its failure to file written responses to North Coast's discovery requests, and its failure to attend a final pretrial, as well as the prejudice to North Coast. The court refers to the premediation summary in its January 11, 2018 order, stating in part that "[a]ccording to the mediation summary, the 'legal issues' [as argued by MGM] were non-conforming goods and expired products." However, the court's reference to the summary merely supports MGM's argument that the parties previously discussed the issues of material fact. And the trial court in fact found that this "discussion" that occurred two months after the discovery deadline did not satisfy the rules or the court. We therefore do not find the trial court improperly relied upon a confidential premediation summary in denying MGM's motion to vacate the deemed admissions.

{¶21} Because MGM admitted that North Coast provided all merchandise as requested, the supply agreement and personal guaranty signed by Lyon were true and accurate copies, and MGM was indebted to North Coast for $30,225.55, there were no genuine issues of material fact that remain to be litigated and North Coast was entitled to judgment as a matter of law. The trial court therefore did not err in granting summary judgment in favor of North Coast.

{¶22} MGM's assignments of error are overruled.

{¶23} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
LARRY A. JONES, SR., J., CONCUR